## CLARDY v. GRAND LODGE OF OKLAHOMA, A. O. U. W.

No. 17423.   Opinion Filed March 27, 1928.

Rehearing Denied Sept. 18, 1928.

(Syllabus.)

**Insurance—Total Permanent Disability Benefit—Claim Defeated by Fact that Insured's Disability Antedated Issuance of Policy.**

Plaintiff sued to recover on a policy of insurance issued by defendant which provided that defendant would pay the insured the face of the policy if, after making all required payments for at least one full year and before attaining the age of 65 years, the insured should become totally and permanently disabled. Held, evidence that plaintiff was and had been totally and permanently disabled for three years prior to the issuance and delivery of said policy does not come within the terms of the policy and the trial court did not err in sustaining defendant's demurrer to plaintiff's evidence.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by Ben J. Clardy against the Grand Lodge of Oklahoma, Ancient Order of United Workmen. Judgment for defendant, and plaintiff appeals. Affirmed.

Lydick & McPherren and M. E. Jordon, for plaintiff in error.

Hayson & Lukenbill and W. J. Hulsey, for defendant in error.

MASON, V. C. J. The parties occupy the same relative position herein as in the trial court and, for convenience, will be referred to herein as plaintiff and defendant, as they there appeared.

The plaintiff had been a member of the defendant organization for approximately 25 years, and on the 12th day of February, 1923, was the holder of a policy of straight life insurance issued by the defendant, when, upon solicitation of an agent of the defendant, he exchanged said policy for another policy designated as a permanent special life plan certificate, which was being issued by the defendant, and which contained many additional features, not contained in the original policy, such as cash, loan, paid-up and extended insurance values, participation in surplus, double insurance in case of accidental death, total and permanent disability benefits amounting to the full amount of insurance and accidental benefits. The plaintiff was required to surrender his old policy and to pay larger premiums under the new policy. No physical examination was required under the new policy, but the plaintiff, upon its delivery, signed a certificate that he was in good health. The new policy, among other things, provided as follows:

"7th. Total Permanent Disability. If the member, after making all required payments hereunder for at least one full year, and provided all past-due payments have been duly made, shall before attaining the age of 65 years become totally and permanently disabled, whether by accident or disease, and if the fact and cause of such total and permanent disability shall be proved to the satisfaction of the Order upon blanks provided for that purpose wherein application may be made for this benefit, the Grand

Lodge will pay to the member the face amount of this contract of insurance as a total and permanent disability benefit, upon surrender of this contract properly receipted."

The plaintiff paid the premiums for one year under the new policy, after which he made application, under the foregoing section, for the face amount of said policy by reason of the fact that he was permanently and totally disabled. The application was denied and the plaintiff then commenced this action, alleging that he had been permanently and totally disabled since 1918. He also alleged compliance with the other requirements of the policy relative to the giving of notice and alleged that he had not yet reached the age of 65 years. The defendant interposed a demurrer to plaintiff's petition, which was overruled, after which the defendant filed answer and the cause proceeded to trial before a jury.

Plaintiff's evidence disclosed that he had been a member of the defendant organization for approximately 25 years and had occupied various offices therein, including two terms of 12 months each as Grand Master Workman, the highest office in said organization. It also appears, from plaintiff's evidence, that the plaintiff and other members and officers of the defendant organization were fearful that the members and their beneficiaries were not properly protected, by reason of inadequate premiums, under the old form of policy, the straight life insurance policy, and that after considerable discussion by its officers, in which the plaintiff herein participated, the new form of policy requiring a much higher rate was adopted. Provision was also made whereby members holding the old policies could exchange them for the new. Plaintiff admitted that there had been no change in his physical condition since the issuance of the policy sued on and that he had been permanently and totally disabled since three years prior to the delivery of said policy.

The trial court sustained defendant's demurrer to the plaintiff's evidence and rendered judgment for the defendant, from which plaintiff appeals.

Many questions are presented in the briefs of the parties involving the validity of said policy and its subsequent ratification by the defendant. Plaintiff also contends that the defendant, by reason of certain acts of its officers and agents, is estopped from questioning the validity of said policy. A decision of these questions, as we view the case, is not necessary to a determination of this appeal. Assuming, therefore, that the policy

is valid, did the plaintiff bring himself within the provisions so as to entitle him to recover herein? We think not.

The various definitions of insurance and insurance policies which have been given by the courts, text-writers, and statutes are all practically to the same effect. One of the best definitions is to the effect that insurance is a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from an unknown or contingent event. Union Insurance Co. v. American Fire Insurance Co. (Cal.) 40 Pac. 431, 48 A. S. R. 140, 28 L. R. A. 692.

It is defined in our statutes, section 6665, C. O. S. 1921, as follows:

"A contract of insurance is an agreement by which one party, for a consideration, promises to pay money or its equivalent or to do an act valuable to the assured upon the destruction, loss, or injury of something in which the other party has an interest."

Life and accident insurance has been defined as a contract whereby one party for a stipulated consideration agrees to indemnify another against injury by accident or death from any cause not excepted in the contract. State v. Pittsburgh etc., St. L. R. Co. (Ohio) 67 N. E. 93, 96 A. S. R. 635, 64 L. R. A. 405.

It is fundamental that insurance policies do not apply to acts which have already occurred, but they are contracts based upon some contingency or act to occur in the future.

The nearest and only exception to this rule appears in some marine insurance policies which cover property "lost or not lost"; but this phrase when so used has reference to cases where the property has started upon its voyage and the parties to the insurance have no knowledge whether it has been lost or not. In such cases, the insurance is against an unknown event, and the underwriter takes the risk of the arrival of the property at its destination, and thus there is something to insure. I Joyce on Insurance, par. 105; Insurance Company v. Lyman, 82 U. S. 664, 21 L. Ed. 246.

In the case at bar, however, the plaintiff admittedly had knowledge that he was not in good health, but was suffering from a total and permanent disability at the time the policy was issued and against the future occurrence of which the paragraph under consideration indemnified him.

The provisions of the policy, in our opinion, are not ambiguous or susceptible of two constructions, but clearly provide that after the member makes all required payments

thereon for one year, if he shall become totally and permanently disabled before reaching 65 years of age, and upon making satisfactory proof thereof, the defendant will pay the indemnity therein, which is the face of the policy. In other words, the insured, must first pay his obligations to the order for one year under the policy before the clause under consideration comes into effect. Such payments are required to vitalize it. If, after he has done that, he shall become totally and permanently disabled before he attains the age of 65 years, he is entitled to make his proof and receive his indemnity.

The construction contended for by the plaintiff would be not only unreasonable, but would be very detrimental, if not fatal, to the existence of the defendant organization. The plaintiff testified that the purpose of adopting the new policy was to strengthen the organization, but, under his evidence and construction of this policy, he would be entitled to receive $2,500 by the payment of one yearly premium in the sum of $160, by reason of conditions which existed prior to the delivery of said policy. Such construction would not strengthen the organization, but, as above stated, would greatly jeopardize the protection of the other members and their beneficiaries.

We must conclude that the plaintiff failed to bring himself within the provisions of the policy, and that the trial court properly sustained the defendant's demurrer to the plaintiff's evidence.

The judgment is affirmed.

BRANSON, C. J., and HARRISON, PHELPS, and HEFNER, JJ., concur.

Note.—See 37 C. J. p. 563, §318.