## ATLAS LIFE INSURANCE CO. v. ZELLNER.

No. 24116.    May 21, 1935.

Rehearing Denied July 16, 1935.

Monnet & Savage, for plaintiff in error.

James Robinson and John C. Powell, for defendant in error.

WELCH, J. The action was begun on September 3, 1931, by Thomas Booth Zellner to recover of the Atlas Life Insurance Company, a corporation, certain sums of money alleged to be due under the terms and provisions of a supplemental agreement attached to and made a part of the life insurance policy issued to Zellner. Zellner contended the insurance company was liable to him for permanent disability resulting from tuberculosis. Zellner obtained judgment as prayed in his petition, and the insurance company has appealed. The parties will be referred to as plaintiff and defendant, as they appeared in the trial court.

Upon trial of the cause it developed that there was no controversy concerning the facts in the case, and the court discharged the jury and rendered judgment for plaintiff.

The facts are that on February 5, 1931, a soliciting agent of the defendant procured plaintiff's application for a policy of life insurance in which there was to be included total disability benefits for injury or disease occurring after the issuance of the policy. At the time of making the application the plaintiff informed the defendant's agent that he was not feeling well, and was then sick with a cold or the flu or some other ailment. This information was incorporated in the application for insurance. At the time the application was taken, the plaintiff paid to defendant's agent one year's premium on the policy. Three days following, and on February 8, 1931, plaintiff consulted physicians regarding his illness, and was informed by them that he had fluid on his lung, and either had an abscessed lung or tuberculosis. He was advised by them to enter a hospital for further examination. On the same date, in pursuance of this advice, he entered a hospital, and was immediately confined to his bed on account of his illness, and for the purpose of the examination. Four days thereafter, and on February 12, 1931, he was informed by the hospital physicians that he had pulmonary tuberculosis. There is no dispute that he was suffering from this same disease at all times herein mentioned. On the same date that the hospital physicians informed plaintiff that he had tuberculosis, the policy herein sued upon was approved, issued, and delivered by the proper authorities of the insurance company. It appears that the policy was delivered a few hours before the physician

fully informed plaintiff of the cause of his condition.

The provision of the policy upon which plaintiff bases his right to recover, and upon which this controversy turns, is quoted as follows:

"Upon receipt * * * of due proof * * * that the insured has * * * become totally disabled as the result of bodily injury hereinafter described or disease occurring after the issuance of said policy * * * the company during the continuance of such disability will pay to the insured $10 per month. * * *"

The judgment of the court provided that plaintiff recover for total disability at the rate of $10 per month from June 1, 1931. It is an uncontroverted fact that the plaintiff was totally disabled as a result of tuberculosis from February 8, 1931, to the date of trial.

The sole contention of the defendant is that it is not liable under the terms of its policy for the disability herein shown. It contends that it is only liable for disability suffered by the plaintiff by reason of disease occurring after the issuance of the policy. It does not contend here that the policy was procured by fraud, or that it is invalid. In fact it specifically admits the validity of the contract of insurance for the purposes contained in its provisions. The gist of its contention is that the disability for which plaintiff makes claim is excepted from risks assumed by the policy, since it occurred prior to issuance of the policy.

Plaintiff contends that he did not know prior to the issuance of the policy that he had tuberculosis, either latent or active, and was not informed of the cause of his condition until February 12, 1931, after the issuance and delivery of the policy. This contention is not disputed by the evidence. Plaintiff's detailed contentions are best shown by the following quotation from his brief:

"* * * If plaintiff had the latent condition for tuberculosis or the beginning of tuberculosis on February 5, 1931, when he applied for the policy involved herein, the undisputed evidence discloses that all he knew was the condition described to plaintiff when he applied for the policy of insurance; he did not know what the condition meant, what the diagnosis of a physician or clinic might prove to be; defendant's medical staff certainly was put on inquiry, but saw fit to take plaintiff's money for the first year's premium and to approve the application for

and issued the policy without giving plaintiff any medical examination. Therefore, plaintiff contends that the policy having been issued to him prior to a time that he had knowledge of what his physical condition described to plaintiff at time of application for policy meant, and said condition having continued during a period of four months after issuance of policy, and still continuing at time of trial, that defendant should be held to have waived any disease which plaintiff might have had in fact, either latent or active at time of application for policy where such disease arose out of the condition described to plaintiff or its agent at time of application. We think that the plaintiff is estopped from the consequences of its action in insuring him when it was fully aware of plaintiff's condition; where the condition producing total disability is one of which defendant was advised, and not some new disease arising between the date of application of policy and date of issuance. * * *"

The question to be determined, therefore, is whether or not the disability here shown was covered by the terms of the policy, or if such coverage was not specifically included therein, has the defendant waived the limitation evidently intended by the quoted provisions of the policy, or is it estopped from denying liability?

This court in the case of Clardy v. Grand Lodge of Oklahoma, A. O. U. W., 132 Okla. 165, 269 P. 1065, had under consideration a case which we consider similar in principle in some respects to the instant case. Therein the court in construing the policy provisions says:

"The provisions of the policy, in our opinion, are not ambiguous or susceptible of two constructions, but clearly provide that after the member makes all required payments thereon for one year, if he shall become totally and permanently disabled before reaching 65 years of age, and upon making satisfactory proof thereof, the defendant will pay the indemnity therein, which is the face of the policy. In other words, the insured must first pay his obligations to the order for one year under the policy before the clause under consideration comes into effect. Such payments are required to vitalize it. If, after he has done that, he shall become totally and permanently disabled before he attains the age of 65 years, he is entitled to make his proof and receive his indemnity."

We note that the policy under construction in the Clardy Case, supra, contained no provision that the disability must result from disease occurring subsequent to a certain time, but the policy there did limit liability to disability resulting at a time subsequent to the taking effect of the policy. It is pointed out therein by the court that it is fundamental that insurance policies do not apply to acts which have already occurred, but they are contracts based upon some contingency or act to occur in the future, and the court therein adopted the following definition of a life and accident insurance contract:

"Life and accident insurance has been defined as a contract whereby one party for a stipulated consideration agrees to indemnify another against injury by accident or death from any cause not excepted in the contract. State v. Pittsburgh, etc., St. L. R. Co. (Ohio) 67 N. E. 93, 96 A. S. R. 635, 64 L. R. A. 405."

It is to be seen therefrom that policies of insurance of the nature here considered are intended to indemnify for future contingencies, and that such policies may properly exempt certain risks, hazards, or contingencies.

Plaintiff suggests here that the risk assumed was the contingency of any disability of more than four months duration, pointing out that, although plaintiff was ill prior to the time, or at the time of the issuance of the policy, that condition did not necessarily mean that the disability resulting from that illness would continue for a period longer than four months. This same contention could just as easily have been made in the Clardy Case, supra, but the court evidently therein did not consider that this was the contingency intended by the parties to the contract. In the instant case the policy provisions are clear that it is intended only to cover the contingency of total disability by reason of disease, and it is a further part of this contingency, as clearly shown by the insurance contract, that the disability must be occasioned by disease occurring after the issuance of the policy.

In a recent case before the Court of Appeals of Tennessee, styled Dees v. National Casualty Co., 66 S. W. (2d) 603, that court considered a case involving a fact situation similar to this case in all essential details. The policy provisions were in effect the same as we have here. The contentions of the plaintiff therein were almost identical to plaintiff's contentions here. Therein the court concluded that the policy did not cover the disability claimed by the plaintiff, regardless of the fact that the insurance company was informed of the fact that the plaintiff therein had tuberculosis for a num-

ber of years prior to the issuance of the policy. Therein the Court of Appeals of Tennessee said:

"The defendant's principal contention is that regardless of whether or not Schultz and Tippler be considered agents of the defendant, and regardless of whether or not they had knowledge of the complainant's physical condition at the time the application was taken and the policy issued, that the complainant still has no right of action on the policy for the reason that under the express terms thereof it covered only disability or loss of time occasioned by reason of sickness beginning after the date of the policy. This contention must be sustained. The provision of the policy relied upon is a valid one. In 6 Couch on Insurance, sec. 1263, p. 4668, speaking with reference to health and accident insurance, it is said:

" 'In some instances, liability is expressly limited to sickness arising after the issuance of the policy, or after a specific time thereafter, and such a provision, of course, precludes recovery where the illness was contracted or suffered prior to the time specified. The same is true where the policy provides indemnity against illness contracted while the policy was in full force.'

"In the case of Williams v. Insurance Co., 163 Tenn. 262, 43 S. W. (2d) 215, the Supreme Court expressly held that it was competent for the parties to contract for a limited liability. In support of the holding the court quoted from 14 R. C. L. 1225, as follows:

" 'An insurer of life may, of course, make such exceptions from the risk assumed as it sees fit. * * *'

"The complainant predicates his contention in this case upon the general rule approved by the Supreme Court in the case of Life & Cas. Ins. Co. v. King, 137 Tenn. 685, 195 S. W. 585, 589, as follows:

" 'That there the insurer, at the time of the issuance of a policy of insurance, has knowledge of existing facts which, if insisted upon, would invalidate the contract from its very inception, such knowledge constitutes a waiver of conditions in the contract inconsistent with the known facts, and the insurer is estopped thereafter from asserting the breach of such conditions.'

"The reason for the foregoing rule is stated to be:

" 'The law is charitable enough to assume, in the absence of any showing to the contrary, that an insurance company intends to execute a valid contract in return for the premium received; and when the policy contains a condition which renders it void at its inception, and this result is known to the insurer, it will be presumed to have intended to waive the condition, and to execute a binding contract, rather than to have deceived the insured into thinking his property is insured when it is not, and to have taken his money without consideration.'

"In the King Case the condition of the policy, which, it was insisted that the insurer was estopped to rely upon, and which the Supreme Court had under consideration in announcing the above rule, was as follows:

" 'The applicant must be alive and in sound health when this policy is delivered, and no liability is assumed by the company prior to the date hereof, nor unless on said date and delivery of this policy the first payment has been legally made.'

"The complainant contends that there is no material difference in the clause above quoted and in that relied on by the defendant in the instant case confining the liability of the defendant for total loss of time 'by reason of sickness beginning after this policy is dated. * * *' We cannot agree to this contention. In the King Case the court was dealing with an insistence by the insurance company that the policy was forfeited for breach of one of its conditions. The rule announced is based upon the assumption that, except for the waiver, the contract would be invalid from its very inception. Such is not the case presented here. The defendant company is not insisting that the policy has been forfeited. Upon the other hand, it insists that the policy is a valid contract of insurance, but that the disability suffered by the complainant, and for which he sues, is specifically exempted from the terms thereof. This insistence is sound. It is not necessary to hold that the defendant company waived the provision of the policy relied upon by the complainant in order to hold that the contract is valid.

"In a supplemental brief, the complainant insists that the recent case of McLain v. American Glanzstoff Corp. (Tenn. Sup.) 57 S. W. (2d) 554, supports his contention. We think this case is authority for the contrary position. There the insurance company issued a group insurance policy on employees of the defendant corporation. The complainant was one of such employees and the bill averred that he had become totally disabled. The certificate issued complainant certified that his life was insured for $1,100, payable to his wife. It also provided that insurance should become available to any employee becoming totally disabled, and contained the following notice to those covered by the policy. 'this certificate covers you for total and permanent disability as well as death if either occurs during the continuance of this insurance

while you are in the employ of the American Glanzstoff and American Bemberg Corporations. However, after the age of 60 the total and permanent disability benefits do not apply.'

"At the time the certificate was issued to him, the complainant was 61 years old. The complainant, although admittedly not within the protection of the total disability provision of the policy, relied upon the rule applied in Life & Casualty Ins. Co. v. King, supra, and relied upon in the instant case. Responding to this contention, the Supreme Court said:

" 'This rule has not application here.

" 'If the policy had insured against total disability alone and the insured knew that complainant was 61 years old at the time the contract was written, the insurer, under this rule, would be estopped to rely on a provision of the policy excepting from total disability benefits any insured over 60 years of age.

" 'Here, however, the contract of insurance covers the life of the insured for the benefit of his wife, is a valid contract in that respect, not void from it inception. The contract merely excludes from its total disability benefits employees over 60 years of age.'

"In the instant case the contract merely excludes from its coverage disability resulting from sickness beginning before the policy was effective. With respect to disability resulting from any illness beginning after the policy was effective, it was and is a valid contract. Not only this, but it provided for a monthly indemnity for total loss of time resulting from accidents occurring under the circumstances set out in the policy and also for the payment of $1,000 for the loss of life and certain other specific losses mentioned therein. In these respects it was and is a valid contract of insurance. It cannot, therefore, be said to be void from its inception.

"The rule announced in Life & Casualty Ins. Co. v. King, supra, upon which the complainant's case is predicated, has no application in the instant case for the same reason that it was held by the Supreme Court to have no application in the case of McLain v. American Glanzstoff Corporation, supra."

Much of the reasoning of the Tennessee court in the Dees Case, supra, is applicable to the facts and contentions in the instant case. We observe this fact, however, that in the Dees Case, supra, the insured at the time the policy was issued was, although afflicted with tuberculosis to his knowledge for several years, apparently not incapacitated or disabled at the time the policy issued. In the instant case the plaintiff was totally disabled from a disease occurring prior to the issuance of the policy, which disability continued up to the time of trial uninterruptedly, and the disease with which he was so afflicted is the cause of the disability for which claim is made. We think it is immaterial whether the plaintiff, or any one else, knew the exact medical name of the disease which incapacitated him before the policy was issued. The disease, whatever it may have been, had manifested itself and the disability had clearly occurred before the policy issued, and the policy exempted the defendant of liability for any disease and disability occurring prior to the issuance of the policy.

The plaintiff relies upon a number of authorities, among which are Priest v. Kansas City Life Insurance Co. (Kan.) 227 P. 538; National Life Insurance Co. v. Grady, 185 N. C. 348, 117 S. E. 289; American National Insurance Co. v. Hale (Ark.) 291 S. W. 82; National Life & Accident Insurance Co. v. Shermer, 161 Okla. 77, 17 P. (2d) 401; Pritchard v. American National Insurance Co. of Galveston, Tex., 139 Okla. 248, 281 P. 774; Federal Life Insurance Co. v. Whitehead, 73 Okla. 71, 174 P. 784.

In such cases it was held that the insurer waived certain policy conditions, or that the conditions of the insured's health was not warranted. The cases have no application here, for the same reasons as pointed out by the Tennessee court in the Dees Case, supra.

We do not agree with plaintiff that the defendant here is estopped to deny liability, for the reason that the facts do not show the necessary elements of estoppel. These elements are discussed at considerable length in the recent case of Equitable Life Assurance Society of the United States v. Case, 167 Okla. 119, 28 P. (2d) 571. Therein it is observed that the first essential element of estoppel is a false representation or concealment of facts.

There is no evidence here tending to show that the plaintiff was told or led to believe that the insurance policy would cover any disability resulting from the illness which had already manifested itself prior to the issuance of the policy. The terms of the policy specifically provide otherwise. There is no statement or circumstance from which plaintiff would have been justified in assuming that the defendant agreed to pay him for disability resulting from the illness which had already been manifested, and which had totally disabled him prior to the

time of the issuance and delivery of the policy.

Considerable space has been devoted in the briefs filed herein to argument and authorities relating to latent or unknown disease which may have been present prior to the effective date of the policy. The cases are not in point with the facts here presented. The disease which incapacitated the plaintiff herein and caused the disability for which claim is here made, had manifested itself prior to the date the policy was issued, to the point that the plaintiff was confined to his bed and totally disabled thereby, and his condition has remained continuously so from the same illness, and without intermission, over the entire period of time from a time prior to the issuance of the policy to the last day included in plaintiff's claim. Under such facts we conclude that the disability for which plaintiff here makes claim was clearly exempted by the terms of the policy, and that there was no waiver by the defendant of the terms thereof, and it is not estopped to deny liability.

It follows that the judgment permitting the plaintiff to recover monthly benefits is erroneous. That judgment is reversed, and the cause remanded, with directions to deny plaintiff any such recovery.

McNEILL, C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.