REED v. HOME STATE LIFE INS. Co.

*97 P. 2d 53.*

No. 28974.   Nov. 14, 1939.

Rehearing Denied Dec. 19, 1939.

Fred E. Suits, of Oklahoma City, for plaintiff in error.

Hemry & Hemry and Embry, Johnson, Crowe & Tolbert, all of Oklahoma City, for defendant in error.

GIBSON, J.   This is an action to recover under the double indemnity provision of a policy of life insurance.

Plaintiff below has appealed from an adverse judgment entered on sustaining demurrer to her petition.

According to the petition the policy was issued in 1930, and the insured was killed in a commercial aeroplane accident in 1937 while engaged as a copilot. The principal amount, or face, of the policy was immediately paid to plaintiff as beneficiary, but the defendant insurance company denied liability under the double indemnity feature.

Primarily, the policy is one of ordinary life in the face amount of $1,000, and

insures fully against all hazards except those arising from certain pursuits engaged in during the first two years whereby if death should result the insurance is to be a sum equal to the premiums paid, all of which is hereinafter set out. It contains the following incontestability clause:

"Incontestability. This p o l i c y will be incontestable after two years from date of issue except for the nonpayment of premium and except as to provisions and conditions relating to disability benefits and those granting additional insurance, specifically against death by accident, if any."

The clause containing the hazards not fully insured against during the first two years as aforesaid reads as follows:

"Aviation Hazards. In the event of the death of the insured during the first two insurance years as a result of participating or engaging in aviation or aeronautics, the insurance under this policy shall be equal to the premiums hereon which have been paid to and received by the Company and no more; provided, however, that if such death shall result from an accident occurring between the hours of 8 A. M. and 5 P. M. Standard time and while the Insured is riding as a fare-paying passenger in an aeroplane operated by an incorporated common carrier for passenger service between recognized established airports and piloted by a licensed transport pilot, and within thirty days from the date of accident, this restriction shall not apply."

Then follows that portion of the insurance contract which in the main forms the subject of this controversy. It is titled "Double Indemnity Benefit," and the material portion thereof reads as follows:

"Double Indemnity Benefit

"The Company will pay two thousand dollars, less any indebtedness to the Company on account of this policy, in lieu of the face amount thereof * * * upon receipt of due proof that the death of the Insured occurred * * * and that such death resulted directly and independently of all other causes, from bodily injury effected solely through external, violent and accidental means, and within sixty days after sustaining such injury.

"This Double Indemnity Benefit shall not be payable if the insured's death resulted * * * from engaging as a passenger or otherwise in submarine or aeronautic operations; * * *

"The premium set out on the first page of this policy includes an extra annual premium of $1.50 for the above Double Indemnity Benefit. * * *"

The sole question is whether the double indemnity portion of the policy covered death by aeroplane accident. Plaintiff insists that it did, and that by reason of section 10524, subdivision 3, O. S. 1931, 36 Okla. Stat. Ann. § 218, the aforesaid incontestability clause was illegal and inoperative, and that the policy as to this particular feature was incontestable after two years from the date of issuance.

Defendant contended that the double indemnity provisions did not cover death by aeroplane accident, and its demurrer to the petition was sustained as aforesaid.

Said section 10524 provides in effect that each life insurance policy issued or delivered in this state shall at least provide in substance "that the policy, together with the application therefor, * * * shall constitute the entire contract between the parties and shall be incontestable after two years from its date, except for nonpayment of premiums and except all violations of the conditions of the policy relating to the naval or military service in time of war. * * *"

Said section does not purport to limit the risks to be assumed by the insurer, and does not operate to convert a life policy of limited coverage to one of full protection against any and all hazards after two years by eliminating all defenses. The statute operates only upon the risks actually assumed, and no more; it eliminates after two years defenses based upon covenants or conditions the violation of which might defeat the policy within the two-year period. It does not deprive the insurer of the right after two years to contest a claim of indemnity for death arising from a hazard or risk not assumed.

The above appears to be supported by the weight of authority. See Metropolitan Life Ins. Co. v. Conway, 252 N. Y. 449, 169 N. E. 642, and cases there cited. In that case, when considering an incontestability statute entirely similar to our own, the court said:

"The provision that a policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that within the limits of the coverage the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter become invalid by reason of a condition broken. * * *"

We agree with that statement.

In the Conway Case, above, it was held that a provision or rider in a life policy providing that risk should not be assumed for death as a result of service, travel, or flight in an aircraft, except as a fare-paying passenger, was not inconsistent with the incontestability statute. The rule in this regard as stated by the court reads as follows:

"Proposed rider for life policy providing risk should not be assumed for death as result of service, travel, or flight in air craft, except as fare-paying passenger, *held* not inconsistent with Insurance Law (Consol. Laws, c. 28) sec. 101, subd. 2, providing for incontestability after two years, since such provision is not definition of hazard to be borne by insurer, and, where there has been no assumption of risk, there can be no liability."

To support her argument plaintiff has cited numerous decisions bordering upon the particular question here involved. Many are helpful; many are not in point. We think that a discussion of each case is unnecessary in the circumstances.

We agree, however, that the double indemnity provision constitutes a policy of life insurance within the meaning of said section 10524. See Aetna Life Ins. Co. v. Braukman, 70 F. 2d (10th Cir.) 647. In fact, it is a special type of life policy contained within or attached to an ordinary life policy, both, of course, constituting one insurance contract; a single contract embodying two separate and distinct subjects. The one obligates insurer to pay for the death of the insured resulting from any cause, with certain exceptions relating to amount where death occurs from a particular kind of accident suffered within the first two years; the other obligates the insurer to pay, in lieu of all other benefits named in the contract, a certain sum if insured's death resulted from accidental means only. The contracting parties have full legal right to agree upon what accidents shall be covered by the contract and the kind that shall be excluded. There is no statute to the contrary. The question is, Was the particular accident which caused the death included in the contract or was it excluded? A separate consideration was paid for this protection in this case, and that consideration constituted a very minor portion of the premiums. The insurer is bound only to the extent of the hazards supported by this consideration.

As a part of the double indemnity feature it is provided that the "double indemnity benefit shall not be payable if the insured's death resulted * * * from engaging as a passenger or otherwise in submarine or aeronautic operations."

We are to say whether that provision excluded the risk of aeronautic operations. If, in the light of the whole contract, it served to exclude the risk, the demurrer to the petition was properly sustained; if assumed thereby, the provision amounts to a mere condition, and subsequent to the first two policy years a violation thereof could not be urged as a defense.

An insurance contract is subject to the same rules of legal interpretation as other written contracts. It is true that they may to a greater degree be amenable to the demands of public policy and therefore subject to broader legislative regulation. But the parties thereto, as in other contracts, are bound by the plain terms thereof, unless the same violate some rule of public policy or infringe a statute, and, as in other cases, all doubt arising from ambiguities and conflicting

provisions is resolved against the one who prepared the contract.

Plaintiff says in substance that had the policy contained, instead of the clause in question, a provision to the effect that the risk of death from aeronautic operations was not assumed, her claim for double insurance perhaps would have been in vain. (Metropolitan Life Ins. Co. v. Conway, supra.)

We hesitate to attempt a distinction between the suggested provision and the one contained in the contract. A clause stating that the insurance shall not be payable if death results from a stated hazard leaves upon us the same impression as does one stating that the risk of death from that hazard is not assumed by the insurer. An attempt to distinguish the two would lead merely to verbal entanglement. The meaning of an insurance contract is no more subject to judicial change than any other contract. Nor do the statutes purport to convert an exclusion of risk into a mere condition.

In legal effect the present contract provides that the insurer will pay $1,000 upon the death of the insured, and, in lieu thereof, will pay $2,000 if death results from accident, but will not pay the latter sum if the fatal accident occurred as a result of the insured engaging in aeronautics. That is the sum and substance of the contract so far as this case is concerned. The insured did not violate a condition of the policy by engaging in aeronautics; that risk was not covered. Had the insured agreed not to engage in the occupation mentioned, the provision would have constituted a condition, and perhaps incontestable after the expiration of the first two policy years. A good example of a condition as distinguished from an exclusion of risk is found in United Security Life Ins., etc., Co. v. Massey (Va.) 167 S. E. 248, 85 A.L.R. 306. It reads as follows:

"That during the aforesaid term of years the said party of the first part shall not, without the written consent of the said party of the second part, * * * be personally engaged * * * in service on any railway train. * * *"

In that case the risk of death from the service mentioned was assumed by the insured. The condition not to engage in the particular occupation without consent was broken, and the coverage was incontestable under the statute after a designated period.

The purpose of the ordinary incontestability statute is to prevent forfeiture, not to enlarge liability under an insurance contract; to eliminate the contesting, after a given time, of a condition of forfeiture, not to prevent a denial of risk assumed.

So we say that where the insurer agrees to pay for accidental death generally, but adds in the contract that it will not pay for death resulting from a specified character of accident, the latter provision excludes that particular risk as effectively as would a provision stating that the particular risk was not assumed. There is no material difference in the meaning. Under our statutes no other interpretation is possible. We are required to consider the whole contract so as to give effect to every part, if reasonably practicable, and to employ each clause in an endeavor to interpret the others; and the contract must receive such interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if such can be done without violating the intention of the parties. Sections 9465, 9467, O. S. 1931, 15 Okla. Stat. Ann. §§ 157, 159. The incontestability statute, supra, in no wise purports to abridge or enlarge these statutory requirements. Beyond all reasonable doubt, the insured could not have believed that he was paying a consideration for double indemnity while engaged in aviation.

Plaintiff has cited certain decisions to the effect that passenger travel in an aeroplane does not constitute "participation in aeronautics" and therefore is not an excluded risk under a clause providing that the insurer shall not be liable for double indemnity for death resulting from participation in aeronautics (Gregory v. Mutual Life Ins. Co., 78 F. 2d [C.C.] 522; Marks v. Mutual Life Ins. Co., 96 F. 2d [C.C.] 267.) But in the instant

case the exclusion clause, as set out above, is seen to be much broader. It plainly excludes from the double indemnity contract the accident in question.

Plaintiff cites Equitable Life Assurance Society, etc., v. Dyess (Ark.) 109 S. W. 2d 1263, which to us seems somewhat in point, except the insured was traveling, not as a pilot, but as an aeroplane passenger when the fatal accident occurred. The clause there considered is almost identical with the one here in question. It excludes from the risks assumed any accident caused by "engaging as a passenger or otherwise in * * * aeronautic expeditions or operations. * * *" When considering the effect of the clause, the court said:

"The question is, Was he engaged as a passenger in an aeronautic expedition or operation? If appellant meant to exclude liability for double indemnity while riding as a passenger or otherwise in any kind of aircraft, why did it not say so in such plain language that a wayfaring man, though a fool, might not be deceived thereby? It would appear a simple thing for a great institution, such as appellant, to write a clause in its policies exempting itself from such liability in plain and simple language."

That language would seem to require that an insurance contract define in minute detail every character of accident to be excluded from the coverage. Such conclusion no doubt constitutes a suitable interpretation of the contract under the laws of Arkansas, but our own statutes, supra, will not permit of such construction. We are limited to what the ordinary man would deduce from the language employed.

But plaintiff insists that the policy covers death from .aeronautics, and thereafter attempts to shield the insurer against payment for death from that source, thus creating an ambiguity which should inure to the benefit of the insured. She says that in this respect the contract is susceptible of two constructions, and that the one construction most favorable to her should be adopted. Fidelity & Casualty Co. v. Gray, 181 Okla. 12, 72 P. 2d 341.

It is true that the main part of the policy does insure against death from aviation accidents, but only to the extent of the face of the policy, or $1,000. The contract does not purport to exclude liability for such accidental death so far as the face amount is concerned. But it does exclude such liability in the special insurance provision. The two subjects to which the whole contract relates are plainly and separately treated therein, leaving no occasion for uncertainty or confusion.

There was no inconsistency between the incontestability clause in the contract and the incontestability statute.

The judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, CORN, HURST, DAVISON, and DANNER, JJ., concur.