ILLINOIS BANKERS LIFE ASSUR. CO. v. SPEAK, Gdn.

*97 P. 2d 763.*

No. 28894.   Dec. 12, 1939.

Rehearing Denied Jan. 9, 1940.

G. C. Abernathy and Kenneth Abernathy, of Shawnee, and Edward Howell, of Oklahoma City, for plaintiff in error.

William M. Cutlip, of Shawnee, for defendant in error.

CORN, J.  This is an action to recover health benefits upon a combined life, accident and health policy. The cause was tried to the jury, and the verdict and judgment were for the plaintiff, and the defendant appealed. The parties are referred to herein as the plaintiff, the insured, and the insurance company.

The contract sued upon was a non-medical policy, issued upon the answers of the insured to the questions in the application. Among other things the in-sured was protected against loss resulting from illness contracted after 15 days from the date of delivery of the policy.

The defense of the insurance company is based upon alleged false representations of the insured in the application, it being contended by the insurance company that the illness resulting in the disability of the insured existed prior to the date of the application and therefore prior to the 15 days after delivery of the policy, and thereby, under the provisions of the contract, relieving the insurance company of any liability other than to return the premium received from the insured.

Numerous errors in the trial of the case are urged as grounds for reversal of the judgment, but upon consideration of the record we deem it unnecessary to give particular attention to all the contentions set out in the briefs, where the case hinges upon the sufficiency of the evidence to sustain the verdict. Under the terms of the contract the case turns upon the sole question of fact as to whether the illness was contracted 15 days after delivery of the policy, or whether it actually existed prior to that time.

From our study of the record in this case, it is quite obvious that this is not an instance where the disease was latent, undiscovered, and unknown to the insured when the application for the insurance was made by him, but on the contrary the symptoms were manifest to an alarming degree to his wife and intimate friends, and his condition was brought to his own knowledge by the candid advice of his physician. Here is the chronological order of events affecting the issues in this case:

On October 26, 1935, the plaintiff, wife and now guardian of the insured, with certain friends and relatives, enticed the insured to go to the office of Dr. Horton E. Hughes, in Shawnee, under the pretext of trying to sell the doctor an oil and gas lease, but for the purpose of having the doctor make observations of his mental condition. On October 28, 1935, Mrs. Speak, wife of in-

sured, in company with others, took him back to the doctor's office for examination. Concerning this examination, Dr. Hughes testified:

"I told Mr. Speak at that time that he was suffering from a mental and nervous breakdown, and he was running a temperature of 101, which I had found, and that he should go home and stay absolutely quiet and rest in bed and at least catch up on the sleep he had missed, and that if he didn't completely recover in a few days he should go to the State Hospital at Norman and ask Doctor Griffin to give him an examination, and he readily agreed to do this, and then they left the hospital."

On November 4, 1935, Mr. C. I. Johnson, soliciting agent for the insurance company, met insured in a hotel lobby and took his application for the policy. The policy was issued November 21, and delivered November 26, 1935. On February 26, 1936, the insured was committed to the Central State Hospital at Norman by order of the county court of Pottawatomie county, upon examination and report of Dr. Horton E. Hughes and Dr. Clinton Gallagher, examining physicians acting under appointment of the court.

Dr. Gallagher testified that he had not examined him previous to February 26, 1936, but he gave his opinion from his condition at that time that he had symptoms of the disease known as paranoia in October, 1935. Dr. Charles R. Raburn, assistant physician at the State Hospital, testified that these symptoms must have been present in October, 1935. Dr. Frank Keen testified that he gave the insured a physical examination on October 17, 1935, but did not observe any mental symptoms at that time, but that it was possible for him to have had them without his having observed them. Dr. R. E. Henson, a dentist, did some dental work for him early in October, 1935, but did not observe his mental condition.

The application contained the question, "Have you now, or have you ever had * * * pyorrhea, piles, *any disease of brain, nervous system,* * * *?" The answer was, "Had pyorrhea, wear upper plate."

Thus the insured concealed from the insurance company the fact that he then was suffering from a nervous and mental disorder, which soon developed into the disability involved in this case.

The facts in this case are similar to those in the case of Atlas Life Insurance Co. v. Zellner, 173 Okla. 254, 47 P. 2d 151, in which it was shown that the disease which incapacitated the plaintiff and caused the disability for which the claim was made had manifested itself prior to the date the policy was issued. In that case it was held in paragraph 3 of the syllabus:

"An insurance contract providing monthly payments for disability resulting from disease occurring subsequent to the issuance of the policy, in the absence of waiver or estoppel, does not include coverage for disability resulting from disease or illness which had already manifested itself and disabled the insured continuously from a date prior to the issuance of the policy to and including the entire time for which claim is made."

We find in the record no acts constituting waiver or estoppel, as the soliciting agent testified that he did not know the insured was afflicted with the disease which resulted in the disability.

The verdict is not sustained by the evidence, and the motion for a directed verdict should have been granted.

The judgment is reversed.

BAYLESS, C. J., and OSBORN, HURST, and DANNER, JJ., concur.