## WRIGHT v. LINDER.

### No. 32026. Feb. 19, 1946.

### 166 P. 2d 104.

Hatcher, Hatcher & Taylor and W. H. C. Taylor, all of Oklahoma City, for plaintiff in error.

Robert H. Sherman, of Oklahoma City, for defendant in error.

PER CURIAM. This is an action originally brought in the justice of peace court, Oklahoma City, by W. R. Linder against Jack C. Wright and Louella M. Argo to recover a commission from the sale of real estate.

The justice of the peace trying the case sustained a demurrer to the evidence as to the defendant Wright and entered judgment dismissing the case as against him. The case proceeded to trial as to defendant Louella M. Argo and resulted in a verdict and judgment in favor of plaintiff. Both plaintiff and defendant Mrs. Argo appealed to the district court, which court transferred the case to the court of common pleas, where the case was tried de novo with a jury.

Plaintiff at that trial in substance testified: He ascertained by advertisement in the newspaper that defendant Wright was the owner of a duplex which was for sale; that he contacted Mr. Wright for the purpose of obtaining a listing of the property; that the property was thereafter listed with him for sale at a price of $8,200; that it was agreed between him and defendant Wright that if he sold the duplex for that sum he was to receive a commission of $250; that he was acquainted with defendant Mrs. Argo; that he had been endeavoring to sell her other property which was listed with him for sale; that he advised her the duplex had been listed with him for sale, described it and gave her the location thereof and also gave her defendant Wright's phone number; that she thereupon contacted Mr. Wright and bought the duplex; that after having ascertained that the duplex had been sold he called upon Mr. Wright for the purpose of collecting the commission; that he was informed by Mr. Wright that the duplex had been sold to Mrs. Argo for a sum less than for which it was listed; that the sale was made upon the condition that Mrs. Argo would pay the commission, and that she had agreed so to do; that he thereafter called on Mrs. Argo and she agreed to pay the commission; that upon repeated demands both parties refused to pay the commission; that in filing the suit he reduced his claim to $200 in order to keep within the jurisdiction of the justice of the peace court; that Mrs. Argo was made a party to the suit on the theory that she was liable for the commission on the promise made to Mr. Wright and to him to pay the same.

Defendants by their testimony contradicted all the testimony offered by plaintiff. Mr. Wright testified that he had not listed the duplex with plaintiff

for sale and that he at no time promised to pay him a commission. Mrs. Argo testified that she did not receive the information from plaintiff that the duplex was for sale but she received such information from an advertisement placed in the newspaper; that she had no dealings whatever with plaintiff in connection with the sale but that she dealt directly with Mr. Wright and that she at no time agreed or promised to pay plaintiff the commission, nor did she make such agreement with Mr. Wright.

The jury under this evidence returned a verdict in favor of plaintiff and against defendant Wright for the sum of $150, upon which verdict judgment was entered. Defendant Wright has appealed.

Prior to the commencement of the trial defendant Wright moved to dismiss plaintiff's appeal against him for the reason that no such final judgment was ever rendered against plaintiff in the justice of the peace court from which he could perfect a direct appeal. The motion was overruled. This ruling is assigned as error. It is contended by defendant Wright that the order of the justice of the peace sustaining his demurrer to plaintiff's evidence and dismissing the case as to him constituted only a final order as distinguished from a final judgment and that plaintiff could only obtain a review of such order by bill of exceptions and petition in error as provided by 39 O. S. 1941 §§ 214 and 215. We do not agree. The judgment rendered by the justice of the peace sustaining the demurrer and dismissing the case constituted a final judgment. 12 O. S. 1941 § 681 defines a judgment as follows:

"A judgment is the final determination of the rights of the parties in an action."

The order of the justice of the peace appealed from constituted a final determination of the controversy as between plaintiff and defendant Wright. It was a judgment entered after hearing the case upon its merits. Plaintiff therefore had the right to take a direct appeal from such judgment to the district court under the provisions of 39 O. S. 1941 § 241.

It is generally held that the dismissal of a case by a justice of peace after a hearing on the merits constitutes a final judgment from which a direct appeal will lie. 35 C. J. 733; Reedy v. Gift, 2 Kan. 392; Fooshee & Brunson v. Smith, 34 Okla. 247, 124 P. 1070. There was no error in overruling the motion to dismiss the appeal.

At the conclusion of plaintiff's evidence defendant Wright demurred thereto, which demurrer was overruled. He now contends that the trial court erred in overruling such demurrer, and further contends that the evidence is insufficient to support the verdict of the jury. He is, however, not in a position to urge this question. He did not stand on his demurrer. After the demurrer was overruled he offered evidence in his behalf. He did not renew his demurrer at the close of all the evidence nor did he request a directed verdict. He therefore waived the demurrer and cannot now urge in this court that the verdict is not supported by the evidence. Plains Petroleum Corp. v. Hatcher, 177 Okla. 22, 57 P. 2d 599; Barnsdall Oil Co. v. Ricks, 175 Okla. 478, 53 P. 2d 210.

The judgment is affirmed.

GIBSON, C. J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.