C. P. A. CO. v. JONES.

No. 34482.

Supreme Court of Oklahoma.

Nov. 24, 1953.

R. M. Mountcastle, Muskogee, for plaintiff in error.

Forrester Brewster and Harry G. Davis, Muskogee, for defendant in error.

PER CURIAM.

Lee O. Jones commenced this action in the District Court of Muskogee County against C.P.A. Company, a corporation, to recover upon a policy of insurance against unemployment. Judgment was rendered upon the verdict of a jury in favor of plaintiff and defendant has appealed. The parties will be referred to as they appear in the trial court.

The pertinent facts on which this action is based are as follows: Lee O. Jones had been employed as a machinist since 1944 at Heavener, Oklahoma by the Kansas City Southern Railroad Company. Prior to January 16, 1948, he had worked on a shift with other machinists. On that date he was assigned to a night shift where he had to work alone.

On January 26, 1948, the plaintiff made application to defendant for a policy of insurance insuring him against unemployment. His application was accepted on January 28, 1948, and the policy issued.

While plaintiff was employed prior to January 16, 1948, he always had others working with him who were able to make

---

out certain written reports required of one in his position. He was unable to read and write and could not prepare the reports, but he could sign his name thereto after some of his friends prepared them. These reports in writing were required by the Interstate Commerce Commission. They had to be made monthly, quarterly, semi-annually, and annually. One copy was kept in the reports at Heavener, one placed on the engine to which it applied, one sent to the master mechanic at Pittsburg, Kansas, and one sent to the I.C.C. at Washington, D. C.

When on January 16, 1948, the plaintiff was forced to work alone because of a reduction in force, he was unable to make the required reports and had no one to make them for him. This fact was called to the attention of the roundhouse foreman, who called it to the attention of the master mechanic of the road at Pittsburg, Kansas.

The master mechanic came to Heavener and conducted an investigation on July 29, 1948, after giving the plaintiff two days' notice of the hearing. The plaintiff was present and admitted that the proceedings were fair. On February 6, 1948, the plaintiff was given a letter of discharge or suspension and was out of employment for the next 50 days. The letter was as follows:

"Heavener, Okla. Feb. 6–48
"Mr. Lee O. Jones
"Effective with the date you have been disqualified as Machinast (sic) on the shift you have been assigned and you are being removed from the job and are being shown out of service.
"Yours truly,
"Geo. H. Rockwell
"Gen. R. H. Foreman K. C. S. Ry. Co."

■ In this connection we find that the policy of insurance contained the following provisions relative to letter of discharge and papers reflecting the investigation held by the employer prior to discharging an employee, being Sec. 14 of the Policy:

"The cause assigned by the employer for discharge or actual suspension shall be the sole basis for determining the liability of the Company. In the event the employer states no specific cause in the official letter of discharge, the cause or causes as shown by the investigation papers relating to the Insured's discharge or actual suspension, will be deemed to be the cause or causes of discharge."

We find that the above letter states no specific cause for discharge and that we are justified in examining the investigation papers relating to the insured's discharge or actual suspension from employment.

Other pertinent provisions of the policy are:

"In consideration of the application for this policy, a copy of which application is attached hereto and made a part hereof, and the payment of a premium of $4.75 per month * * * hereby insures Lee O. Jones * * * employed by the Kansas City Southern Railroad, as hereinafter provided, * * * against loss occasioned by actual suspension from his employment, discharge from his job, * * subject to all of the conditions and limitations herein contained or endorsed hereon."

Under the heading of "Discharge or Suspension" it provides:

"If, while this policy is continued in force, the insured shall lose his job by discharge, or be actually suspended from his employment for cause occurring after the date that his application has been received and accepted, the Company will pay ten dollars a day, for each day that the Insured is under discharge or actual suspension but in no event to exceed fifty days * * *."

The application for the policy states as follows:

"* * * In no event, however, shall the company be liable for causes originating on or prior to the date of the acceptance of the application."

■ The defendant has submitted 18 assignments of error but has discussed them under the following alleged errors:

Overruling defendant's motion for a new trial;

The refusal to admit certain testimony offered by the defendant;

Refusal to permit defendant to cross-examine the plaintiff on matters on which he was interrogated on direct examination and refusal to admit certain of the defendant's exhibits;

In admitting certain evidence offered by plaintiff and objected to by defendant;

Error in giving instruction No. 4;

Refusal to give defendant's requested instruction No. 8(8A);

In accepting and approving a verdict in disregard of the Court's instructions.

Instruction No. 4 is as follows:

"If you find by a preponderance of the evidence, that the defendant, on the 28th day of January, 1948, received and accepted the application of plaintiff and issued the policy sued on pursuant thereto, and at said time, plaintiff was employed, and thereafter, plaintiff lost his job by discharge for cause occurring after date of acceptance of said application, and that plaintiff notified defendant as required by the provisions of said policy, or defendant waived such notice, plaintiff would be entitled to recover, and your verdict should be in favor of plaintiff and against the defendant in the sum of $500.00."

We find no error in giving the foregoing instruction.

Instruction No. 8(8A) requested by defendant is as follows:

"Gentlemen of the jury, you are further instructed that Paragraph 14, third page of the policy, provides as follows, to-wit:

" 'The cause assigned by the employer for discharge or actual suspension shall be the sole basis for determining the liability of the Company. In event the employer states no specific cause in the official letter of discharge, the cause or causes as shown by the investigation papers relating to the Insured's discharge or actual suspension, will be deemed to be the cause or causes of discharge'."

We think that the above requested instruction should have been given to the jury.

The Court in Instruction No. 1 advised the jury that the plaintiff must establish each and every material allegation in his petition by a fair preponderance of the evidence and that upon failure to do so, the jury should find for the defendant. It is noted that plaintiff's petition was amended by interlineation and alleged that:

"Said plaintiff was discharged and removed from his employment and continued under said discharge and out of employment for cause occurring after the application was received. * * *"

 It is well established by numerous decisions of this and other Courts that a policy of insurance is a contract and should be construed as every other contract, that is, where not ambiguous, according to its terms. It is well established that an insurance company may limit the risks for which it is responsible.

In Atlas Life Insurance Company v. Zellner, 173 Okl. 254, 47 P.2d 151, 152, a life insurance policy which included total disability benefits for injury or disease occurring "after the issuance of the policy", was under consideration. The insured became totally disabled by a disease existing at the time the policy was issued. In the opinion the Court cited with approval Clardy v. Grand Lodge of Oklahoma A. O. U. W., 132 Okl. 165, 269 P. 1065, and said:

"(1–3) We note that the policy under construction in the Clardy case, supra, contained no provision that the disability must result from disease occurring subsequent to a certain time, but the policy there did limit liability to disability resulting at a time subsequent to the taking effect of the policy. It is pointed out therein by the court that it is fundamental that insurance policies do not apply to acts which have already occurred, but they are contracts based upon some contingency or act to occur in the future, and the court therein adopted the following definition of a life and accident insurance

contract: 'Life and accident insurance has been defined as a contract whereby one party for a stipulated consideration agrees to indemnify another against injury by accident or death from any cause not excepted in the contract. State [ex rel. Sheets] v. Pittsburg, etc., St. L. R. Co., 68 Ohio St. 9, 67 N.E. 93, 64 L.R.A. 405, 96 Am.St.Rep. 635.'

"It is to be seen therefrom that policies of insurance of the nature here considered are intended to indemnify for future contingencies, and that such policies may properly exempt certain risks, hazards, or contingencies."

In Shannon Furniture Company v. Federal Surety Company, 159 Okl. 205, 15 P.2d 22, the Court announced the general rule in the second syllabus as follows:

"To recover on an insurance policy, plaintiff must bring himself within its specified provisions."

Again in Metropolitan Life Insurance Company v. Rosier, 189 Okl. 448, 117 P.2d 793, 795, this Court said:

"The contracting parties have full legal right to agree upon what accidents shall be covered by the contract and the kind that shall be excluded. There is no statute to the contrary. * * * But the parties thereto, as in other contracts, are bound by the plain terms thereof, unless the same violates some rule of public policy or infringe a statute * * *."

In Reed v. Home State Life Insurance Company, 186 Okl. 226, 97 P.2d 53, 56, the policy provided that the Double Indemnity Benefit should not be paid if Insured's death resulted from engaging as a passenger or otherwise in submarine or aeronautic operations. Insured met his death in an airplane accident. In the opinion the court said:

"An insurance contract is subject to the same rules of legal interpretation as other written contracts. It is true that they may to a greater degree be amenable to the demands of public policy and therefore subject to broader legislative regulation. But the parties thereto, as in other contracts, are bound by the plain terms thereof, unless the same violate some rule of public policy or infringe a statute, and, as in other cases, all doubt arising from ambiguities and conflicting provisions is resolved against the one who prepared the contract."

It is clear that the policy in the case under consideration provided for liability only where the plaintiff lost employment for a cause or causes occurring after the date his application for insurance was accepted.

■ We think the Court erred in refusing to admit in evidence the complete report of the investigation of plaintiff's employer on which his discharge was based. The policy expressly provided that where the letter of discharge or suspension fails to disclose the cause therefor the reasons disclosed by the report of the investigation shall be held to be the cause or causes of discharge. That report is certainly competent evidence for this purpose, and since the letter of discharge fails to definitely state the cause, the report of the investigation should be examined for the reasons for plaintiff's discharge or suspension.

The report of the investigation shows that plaintiff was discharged or suspended from employment either because he was not qualified to make the required written reports or because of a reduction in force which forced plaintiff to work alone on a night shift with no other machinists to assist him in making the required reports.

■ The defendant demurred to plaintiff's evidence and moved for a directed verdict, but failed to renew demurrer and motion at the conclusion of all of the evidence, and thereby waived its demurrer to plaintiff's evidence. Wright v. Linder, 196 Okl. 493, 166 P.2d 104.

Since we find it necessary to reverse and remand for a new trial because of the refusal of the court to admit in evidence the record of investigation by plaintiff's employer and the refusal of the court to give defendant's requested Instruction No. 8 (8A), it is not necessary to discuss the various other errors complained of. The

736

judgment is reversed and the cause remanded for a new trial in accordance with the views herein expressed.

HALLEY, C. J., and WELCH, ARNOLD, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.

CORN and DAVISON, JJ., dissenting.

This court acknowledges the services of Attorneys Calvin Boxley, Howard K. Berry and E. William Brown, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.