NOAH E. SCALES *v.* JEFFERSON STANDARD LIFE INS. CO.*

(*Nashville,* December Term, 1926.)

Opinion filed June 11, 1927.

1. **INSURANCE, LIFE. Incontestable clause. Suicide Liability of Insurer.**

A policy of life insurance providing "after this policy shall have been in force for two years from the date hereof, it shall be incontestable for any cause except for non-payment of premium. And in case of self destruction committed, whether sane or insane, within two years from the date hereof, the extent of recovery hereunder, shall be the premium paid." **Held,** that the provisions know as the incontestable clause has no application to a case of self destruction occuring within two years; and that the extent of the liability under the contract of insurance is, as provided viz, "The extent of the recovery shall be the premium paid." (Post, p. 414.)

Citing and distinguishing: Humpston v. State Mutual Life Insurance Co., 148 Tenn., 439; Thistle v. Insurance Co., 149 Tenn., 667; Clement v. Insurance Co., 101 Tenn., 121; Childers v. Fraternal Union of America, 113 Tenn., 252.

2. **SAME. Same. Same.**

The incontestable clause has no reference to the suicide clause and the latter is in no wise affected by the former. (Post, p. 419.)

Citing: Mack v. Conn. General Life Ins. Co., 12 Fed. (2nd), 202, and authorities relied on for appellee. Mareck v. Mutual Reserve Life Asso., 62 Minn., 39; Simpson v. Virginia Life Ins. Co., 115 N. C., 393; Mutual Protective League v. McKee, 122 Ill. App., 376.

Citing and distinguishing: Jackson v. Loyal Benefit Asso., 140 Tenn., 495; Silliman v. Insurance Co., 131 Tenn., 314; North

---

*On the question of applicability of incontestable clause in insurance policy in case of suicide, see annotation in L. R. A., 1918D, 870; 6 A. L. R., 450; 13 A. L. R., 674; 35 A. L. R., 1492; 14 R. C. L., 1233; 3 R. C. L. Supp., 362; 4 R. C. L. Supp., 949; 6 R. C. L. Supp., 869.

Western Mutual Life Insurance Co. v. Johnson, 254 U. S., 96, 65 L. Ed., 155.

---

*Headnote 1.  Life Insurance, 37 C. J., section 284.

---

FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County.— HON. JOHN R. AUST, Chancellor.

HUGHES & FELTS for appellant.

THOMAS G. WATKINS for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

On July 26, 1924, the Insurance Company issued its five thousand ($5,000) dollar policy on the life of Noah Remmel Scales for an annual premium of fifty-five and 75/100 ($55.75) dollars, containing the following "general provisions," (a) After this policy shall have been in force for two whole years from the date hereof it shall be incontestable for any cause except for non-payment of premium.   (b) In case of self destruction committed, whether sane or insane, within two years from the date hereof the extent of recovery hereunder shall be the premium paid.

It appears from the stipulation filed herein that the insured committed suicide on or about July 15, 1925, and that in August following tender was made by the Insurance Company to the beneficiary of the premiums paid, to-wit, fifty-five and 75/100 ($55.75) dollars, which was rejected, and that this tender was continued and made into court upon the filing of this suit by the beneficiary, father of the insured.   The suit was brought July 27, 1926, one day after the expiration of two years from the

date of the policy, and a year and twelve days after the death of the insured.

The insistence of the claimant is, in substance, that no affirmative action having been taken by the Insurance Company within two years from the date of the policy to contest and avoid it, provision (a), above quoted, applies so as to make the liability of the Insurance Company absolute, not to the extent of the premiums paid only, but for the $5,000 named therein; together with the statutory penalty.

The defense, as finally framed, is that the provision relied on, commonly known as the incontestable clause, has no application to a case of self destruction within two years—within one year in the instant case—but in such a situation the extent of the liability under the contract of insurance is as provided in (b), above set out, namely, "the extent of the recovery hereunder shall be the premiums paid."

The Chancellor dismissed the bill and in a clear and forceful opinion sustained the position of the Insurance Company, and has granted this appeal.

Upon both principle and authority, we think it clear that under this contract the incontestable clause is without application, but that the rights of the beneficiary are fixed by the suicide clause.

In neither *Humpston* v. *State Mut. Life Assur. Co.,* 148 Tenn., 439, nor *Thistle* v. *Ins. Co.,* 149 Tenn., 667, relied on for appellant, was the question here presented involved. Neither were cases of suicides, occurring either within or after two years—which difference we regard as immaterial as affecting the application of the incontestable clause, although the defense of suicide, if occurring after two years, is cut off under the terms of

the policy—not by the general incontestable clause (a), but by the suicide clause (b) itself.

In those cases the application generally of the incontestable clause was assumed, the discussions and decisions being confined to the form in which and time when rights under it must be asserted.

However, it is perhaps unnecessary to go beyond expressions contained in the opinions in these cases, and authorities therein quoted from and approved, to illustrate conclusively the essential distinction on which the decree of the Chancellor rests. Running through both of these opinions, in stating the purpose and effect of incontestable clauses, are expressions emphasizing that this limitation on contests has reference to matters going to the *validity* of the contract, as affected particularly by the representations made in its procurement.

In the Humpston case, supra, Mr. Justice HALL said:

"It was held by this court in *Clement* v. *Insurance Co*, 101 Tenn., 22, 46 S. W., 561, 42 L. R. A., 247, 70 Am. St. Rep., 650, that incontestable clauses inserted in insurance policies similar to the one in question are reasonable and valid, and that the practical and intended effect of such a clause is to create a short Statute of Limitation in favor of the insured, within which limited period, the insurer must, if ever, test the validity of the policy. The court in that case said:

"It has been well said: 'The effect of the provision is to prevent the insurer from interposing as a defense the falsity of the representations of the insured, which is a fraud. But it does not prevent abandonment, rescission, and cancellation of the contract for such fraud, provided the action for that purpose is brought within a year.' It is virtually saying to the insured that 'I will take one year in which to ascertain whether your repre-

sentations are false or not, and whether you have been guilty of any fraud in obtaining the contract, and if within that period I cannot or do not detect such falsity and fraud, I will obligate myself to make no further inquiry into these matters, and to make no defense on account of them.' "

In answer to a petition to rehear, the concluding paragraph above is again quoted. Emphasis is thus put on the meaning and purpose of the provision—that is, the limited period is given within which the insurer must "ascertain whether your *representations are false,* and whether you have been guilty of any *fraud in obtaining the contract,*" (italics ours)—not a period within which the insurer may ascertain whether or not the insured will exercise an election as to the manner of his death. How would it be possible to fix the running of a limitation period allowed for investigation, except until and upon the happening of the matters to be made the subject of the investigation?

And so, Mr. Justice McKINNEY, in the Thistle case, supra, speaking of the statutory incontestable clause, says:

"The purpose of the above statute was to prevent the issuing of a life policy that could be contested after two years. In other words, the legislature entertained the view that two years was a reasonable time for the insurer to ascertain whether the policy had been obtained by fraud or for other reason justifying a contest as to its validity."

How could the "purpose" thus defined possibly have application to a "reason justifying a contest" until the arising of the reason?

The incontestable clause considered in *Clement* v. *Ins. Co.,* 101 Tenn., 21, while not identical with that now be-

fore us, was in substance the same. On page 27 of the opinion, this court said:

"The provision in this case is very broad in its terms. There is only *one condition* upon which the *validity* of the policy can be questioned, after the lapse of a year, and that is the non-payment of premiums. The meaning of the provision is that if the premiums are paid, the liability. shall be absolute under the policy, and that *no question shall be made of its original validity.*"

Again at page 28 it is said:

"The practical and intended effect of the stipulation is to create a short Statute of Limitation in favor of the insured, within which limited period the insurer must, if ever, *test the validity of the policy* . . . The effect of this agreement not to contest is to put the company in the attitude of being unable to set up any fraud or false swearing in obtaining the policy, or any other defense to it, save the one excepted so far as its *original validity* is concerned."

On page 38 the same opinion proceeds.

"It is argued, however, that the clause agreeing not to contest must have the effect to preclude any inquiry into the transfer and also the right of the transferee to take under the policy. We are of opinion, however, that this clause does not go to this extent and cannot have this effect. *It is intended to cut off inquiry into the truth of the statements made by the assured in the application and other matters going to the . original validity of the policy,* but not to any subsequent disposition of the policy, and the company expressly disclaims any responsibility for the validity of any premiums."

In *Childress* v. *Fraternal Union of America,* 113 Tenn., 252, at page 255, it is said:

155 Tenn.—27.

"The incontestable clause in the policy is, in substance, that the *validity* of the policy will not be questioned after the expiration of two years, except upon the ground of false answers made in the application as to age, occupation and the use of alcoholic stimulants. Upon these grounds it may be questioned at any time."

And, again, at page 255, the court said:

"But the suicide clause is not one which enters into the *original validity* of the contract, but one which de-feats the right of recovery after the full expiration of the contract is established.

"'The incontestable clause has no reference to the suicide clause, and the latter is in no wise affected by the former.*

"'If the insured commit suicide after the expiration of two years from the date of the policy, the effect is the same as if it occurred within two years.'*"

The italics in the foregoing quotations are ours, em-phasizing thus the phrases particularly pertinent to the issue now before us, and it cannot be gainsaid that these expressions are much in point. On principle, the holding in *Childress* v. *Fraternal Union,* supra, appears to con-trol here.

This view is sustained by authorities relied on for ap-pellee: *Hall* v. *Mutual Reserve Fund Life Association,* 19 Pa. Super Ct., 31; *Starck* v. *Union Central Life Insur-ance Co.,* 134 Pa., 45, 7 L. R. A., 576; *North American Union* v. *Trenner,* 138 Ill. App. 586; *Travelers Insurance Co.* v. *McConkey,* 127 U. S., 661, 32 L. Ed., 308; *Mutual Life Insurance Co.* v. *Kelly,* U. S. Circuit Court of Ap-peals, 52 C. C. A., 154; *Stean* v. *Occidental Life Insurance Co.,* 24 N. Mex., 346, 171 Pac., 786; *Hearin* v. *Standard Life Insurance Co.,* 8 Fed (2nd), 202; *Mack* v. *Connecti-cut General Life Insurance Co. of Hartford,* 12 Fed.

(2nd), 416. Affirmed, 271 U. S., 687, 70 L. Ed., 1152; *Howard, et al.* v. *Missouri State Life Insurance Co.,* 289 S. W., 114.

The rule enforced in the Humpston and Thistle cases, supra, requiring affirmative action within the contestable period cannot be extended to cases like the one before us, where the contract of insurance is not sought to be invalidated, but where the effort is rather to enforce it according to its express terms. The distinction is well drawn in the following quotation from the opinion of the U. S. Circuit Court of Appeals in *Mack* v. *Conn. General Life Ins. Co.,* 12th Fed. (2nd), 416:

"The contract provision expressly excluding the assumption of the risk of suicide for two years *is entirely distinct from the incontestable clause, is consistent with it,* and the one in no way contradicts the other. There is a distinction between facts which would warrant a rescission of the contract and a risk not covered by the contract. The incontestable clause relates to the former. The suicide clause relates to the latter. *Hearin* v. *Standard Life Insurance Company* (D. C.), 8 Federal (2nd), 202.

"A contest made within two years *is not to be confused with a defense of death by suicide committed within two years.* In the incontestable clause the two-year period is a period of limitation. The contest by suit or answer must be instituted within two years from the issuance of the policy. *Missouri State Life Insurance Co.* v. *Cranford,* 257 S. W., 66, 161 Ark., 602, 31 A. L. R., 93. *But in the suicide clause the two-year period is a period of exclusion of risk on account of suicide.* That clause does not undertake to limit the time within which the defense of suicide may be made, nor does the statute of Illinois above quoted, undertake to do so."

*Jackson* v. *Loyal Benefit Asso.,* 140 Tenn., 495, and certain other cases relied on for appellant in which the policies contained no provision as to the effect of suicide, are without application to the instant case; nor are those cases controlling wherein an incontestability clause was incorporated in the contract in terms, or applied by statute, and which contained a suicide clause without express time limitation, in some of which the courts appear to have held the limitation in the incontestability clause to apply. See *Mareck* v. *Mutual Reserve Life Asso.,* 62 Minn., 39; *Simpson* v. *Virginia Life Ins. Co.,* 115 N. C., 393, and *Mutual Protective League* v. *McKee,* 122 Ill. App., 376. Nor is the case of *Silliman* v. *Ins. Co.,* 131 Tenn., 314, authority for the position of appellant, but rather otherwise, the principle of providing against liability in case of suicide, for a limited period, being expressly approved. Recovery was decreed because the court found that the suicide took place after one year from the date found by the court to be, in effect, the date of the contract.

*Northwestern Mut. L. Ins. Co.* v. *Johnson,* 254 U. S. 96, 65 L. Ed., 155, is not in point. Johnson committed suicide more than two years after the date of the policy, and construing the particular language of its provisions, differing materially from that now before us, the court held the policy incontestable, after the two-year period, finding that to have been the intention of the parties.

The limitation upon the right of the Insurer to contest its liability to the Insured, enforced in the Humpston and Thistle cases, supra, has application to a contest involving a repudiation and release from the contract, not a contest involving only the amount or extent of the obligation arising under it. In the one case affirmative ac-

tion by the insurer is required, and within a limited period; in the other the action is defensive only.

The policy before us was a contract to pay $5000 on the death of the insured, unless from suicide within two years, and in that event the amount of the premiums only. A reliance upon the terms of this contract does not contest its validity, but assumes it. The amount of the recovery has been correctly adjudged by the Chancellor to be the sum of the premiums paid. The decree is affirmed.