JOHN RYBASACK, WHO SUES FOR HIMSELF AS WELL AS THE STATE OF NEW JERSEY, PLAINTIFF, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, A CORPORATION, DEFENDANT.

Decided January 27, 1937.

For the plaintiff, *William Harris.*

For the defendant, *Lindabury, Depue & Faulks* (by *Walter F. Waldau.*)

PORTER, S. C. C. The defendant moves to strike the complaint, alleging that the same is sham and frivolous. The facts, which do not seem to be in dispute, are that the defendant entered into a contract of insurance with the Newark Beth Israel Hospital and issued a policy in pursuance therewith for group insurance, insuring the lives of the medical staff of the hospital. The complaint charges that the said policy was not one that was permitted under the law for the reason that the doctors whose lives were insured were not, in

fact, employes of the hospital, that therefore they received insurance at less cost than they could otherwise have secured it, and that there was thus a discrimination in violation of section 1 of chapter 168 of *Pamph. L.* 1895, *p.* 345, as amended; hence this suit which is to recover the penalties provided for in chapter 74 of the *Pamph. L. of* 1907, *p.* 153; 2 *Comp. Stat., p.* 2876, § 1, one-half for the individual plaintiff and the other half for the benefit of the state.

The statute which the plaintiff contends was violated in the issuance of this policy, section 2-A of chapter 53 of *Pamph. L.* 1927; *Supp. Comp. Stat.* 1925-1930, § 99-95a, reads as follows:

"Group life insurance is hereby declared to be that form of life insurance covering not less than fifty employes written under a policy issued to the employer, the premium for which is to be paid by the employer or by the employer and employes jointly, insuring all of his employes, or all of any class or classes thereof determined by conditions pertaining to the employment for amounts of insurance based upon some plan which will preclude individual selection, for the benefit of persons other than the employer; provided, however, that when the premium is to be paid by the employer and employes jointly and the benefits of the policy are offered to all eligible employes, not less than seventy-five per centum of such employes may be so insured. For the purposes of this act the members of any labor union or association who are actively engaged in the same occupation shall be considered employes of such union or association. No policy of group life insurance shall be issued or delivered in this state unless it shall contain in substance the following provisions * * *."

The defendant contends in support of its motion to strike the complaint that the proofs before the court show that the said policy was what is known as group insurance and that the premiums thereunder are based upon the standard and regular manual of rates for such class of insurance as filed with and approved by the commissioner of banking and insurance of this state; that all of the individuals insured were, in fact, employed by the hospital for the performance of certain special duties in connection with the work and purposes of said hospital; that said employes were under the control and

direction of the authorities of the hospital, being duly appointed by said authorities, subject to be dismissed, and subject also to all of its rules and regulations; that, while they do not receive any compensation for their services, they do receive in consideration thereof the use and facilities of the hospital, including the laboratories, instruments, equipment, supplies, library, as well as an opportunity for study and experience in treating a larger number of patients than they would receive in private practice; that, therefore, there was no discrimination in the issuance of this policy because the beneficiaries thereunder, in fact, were employes within the meaning of the statute.

It is further argued by the defendant that the statute which prohibits discrimination in the issuance of life insurance policies (section 1, chapter 168 of *Pamph. L.* 1895, *supra,* as amended in chapter 167 of *Pamph. L.* 1927; *Supp. Comp. Stat.* 1925-1930, § 99-116) is a penal statute and should be strictly construed; further, that there is no discrimination because the insured are all of one class, and that the premiums charged are precisely the same as charged to others of like class.

It is conceded by the plaintiff in his brief that the primary question to be decided on this motion is whether or not the relationship of employer and employe existed between the insured and the hospital; that, if they were employes within the meaning of the statute, then the group insurance policy was properly issued and the complaint should be struck because, in that event, there would be no discrimination.

A consideration of this question leads to the conclusion that there was a relationship of employer and employe within the meaning and intendment of the statute. Having reached that conclusion, it becomes unnecessary to consider any of the other legal questions presented and the complaint must be struck.

It seems clear that the status of employer and employe as set forth in the statute did not mean, literally, one who was paid for services in money or who devoted his entire time to his employer and was completely under his control and domination, but in a broader and more comprehensive sense where a relationship existed of a group or association of men engaged

in a common purpose under an organization directed and controlled by constituted authorities, either as here under the management of a regularly operated hospital or as the statute specifically points out, "the members of any labor union or association who are actively engaged in the same occupation."

The facts are not disputed that these insured are under the direction and control of the hospital and must conform to the instructions given them, to the rules and regulations, and the failure so to do may result in dismissal. Another factor which establishes the relationship is the fact that there is a consideration moving from the hospital to the doctors. The services are not, it is true, compensated for in money, but they are compensated for in the equivalent of money in the form of experience, knowledge and training, together with the use of the various facilities of the hospital. Because they are members of a profession and necessarily called upon to exercise their individual judgment in the performance of their duties does not, it seems to the court, render them any the less employes under the facts here present within the meaning of the statute in question.

In the case of *Essex County Country Club* v. *Chapman,* 113 *N. J. L.* 182; 173 *Atl. Rep.* 591, it was held that a caddie who was employed on the golf course and who was paid by the members for whom he performed services, was an employe of the club for the reason that the employment was under the control of the club, which was a determinative factor within the meaning of the Workmen's Compensation act. It seems to the court that that reasoning is equally applicable here and makes for a reasonable and proper interpretation of the statute.

Many cases have been cited by the plaintiff which hold that physicians on hospital staffs are not employes, but all of them are actions in tort where the principle of *respondeat superior* applies. That is not the question here and those cases have no application to the case at bar. No case has been cited which seems inconsistent with the views herein expressed.

There being no issue of fact raised but simply questions of law, and the question of law considered above being dispositive of the entire matter, the complaint will be struck as sham.