BANKERS LIFE CO. OF DES MOINES, IOWA, v. HORTON.

No. 30120.    Oct. 7, 1941.

Rehearing Denied Nov. 4, 1941.

*118 P. 2d 402.*

Embry, Johnson, Crowe & Tolbert, of Oklahoma City, and J. P. Lorentzen, of Des Moines, Iowa, for plaintiff in error.

Fred E. Suits and Jack Spivey, both of Oklahoma City, for defendant in error.

OSBORN, J.   This action was commenced in the district court of Oklahoma county by Irene Horton, hereinafter referred to as plaintiff, against Bankers Life Company of Des Moines, Iowa, hereinafter referred to as defendant, wherein plaintiff sought to recover the indemnity provided in a policy of life insurance issued to Robert Ellis Horton. Plaintiff was the beneficiary of said policy. Defendant filed an answer to plaintiff's petition denying liability. Plaintiff demurred to the answer, and the demurrer was sustained. Defendant elected to stand on its answer, whereupon judgment was entered in favor of plaintiff, and defendant has appealed.

Plaintiff alleged that the policy involved herein was issued to insured on October 1, 1937; that insured died on August 29, 1939; that all premiums on the policy had been paid and that the same was in full force and effect on the date of death of the insured. This action was filed on January 29, 1940.

By its answer defendant admitted the issuance of the policy and the payment of the premiums thereon, but alleged that the insured died by self-destruction within two years from the date of the issuance of the policy and that the policy contained the following provision:

"Suicide.   If the insured shall die by self-destruction, while sane or insane, within two years from the date of issue hereof, the amount payable to the beneficiary under this policy shall be the sum actually received by the Company for premiums payments hereon with interest, and no more."

It appears that the policy also contained an incontestable clause which is as follows:

"Incontestability.   This policy shall be incontestable after it has been in force . . . for a period of two years from the date of issue set forth on page one hereof, except for non-payment of premium or installment thereof, and except as to liability of the Company un-

der the agreements, if any, for benefits in the event of total and permanent disability and for additional insurance specifically against death by accidents. If the age of the Insured has been misstated, the amount payable under this Policy shall be such as the premiums would have purchased at the correct age."

The sole question presented here is one of law, and that is, whether the rights of the parties are determined by the incontestable clause or by the suicide clause.

It is conceded that the exact question is new in this jurisdiction. It appears, however, that the question has been before the courts in numerous other jurisdictions, and that there is a great divergence of judicial opinion on the question. See authorities collected in the following annotations: 55 A.L.R. 549; 67 A.L.R. 1364. In some jurisdictions it is held that the incontestable clause is, in effect, a short statute of limitations which precludes the insurer from asserting any defense in an action upon the policy except such defenses as are specifically named in said clause; while in other jurisdictions it is held that the purpose of the incontestable clause is not to enlarge liability under the insurance contract nor to eliminate the contesting of a condition of forfeiture nor to prevent a denial of risk assumed. In the case of Reed v. Home State Life Ins. Co., 186 Okla. 226, 97 P. 2d 53, there was involved a problem somewhat similar to that presented here. In that case the insured was killed in a commercial airplane accident while engaged as a copilot. The principal amount of the policy was paid by the insurer, but insurer denied liability under a double indemnity feature. The policy contained the usual incontestable clause, but further provided that the double indemnity benefit should not be payable if the insured's death resulted from engaging in aeronautical operations. It was contended that, since more than two years had expired since the date of issuance of the policy, the incontestable clause precluded the denial of liability of the insurer for the double indemnity bene-

fit. Therein, in discussing the general purpose of an incontestable clause, we said:

"Said section does not purport to limit the risk, to be assumed by the insurer, and does not operate to convert a life policy of limited coverage to one of full protection against any and all hazards after two years by eliminating all defenses. The statute operates only upon the risks actually assumed, and no more; it eliminates after two years defenses based upon covenants or conditions the violation of which might defeat the policy within the two-year period. It does not deprive the insurer of the right after two years to contest a claim of indemnity for death arising from a hazard or risk not assumed.

"The above appears to be supported by the weight of authority. See Metropolitan Life Ins. Co. v. Conway, 252 N. Y. 449, 169 N. E. 642, and cases there cited. In that case, when considering an incontestability statute entirely similar to our own, the court said:

" 'The provision that a policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that within the limits of the coverage the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of a condition broken. . . .'

"We agree with that statement."

See, also, Prudential Co. v. Elias, 188 Okla. 420, 109 P. 2d 815.

In the case of Myers v. Liberty Life Ins. Co., 124 Kan. 191, 257 P. 933, 55 A.L.R. 542, it was held:

"A life insurance company issued a policy on September 10, 1923, in which it agreed to pay to the insured's wife, as beneficiary, the sum of $3,000, immediately on receipt of proof of death of the insured, provided premiums had been paid and the policy was in force. The policy contained these provisions:

" 'This policy shall be incontestable after one year from the date of issue, if premiums have been duly paid.

" 'In case of suicide of the insured, whether sane or insane, within two years from the date of this policy, the liability of the company shall be limited to the amount of the premium actually paid.'

"The insured committed suicide by hanging, on August 27, 1924. The policy was in force, the premium had been paid, and proof of death was made. *Held,* the entire policy considered, liability of the company is limited to the amount of premium actually paid."

In the case of Scales v. Jefferson Standard Life Ins. Co., 155 Tenn. 412, 295 S. W. 58, 55 A.L.R. 537, the court quoted with approval from the case of Mack v. Connecticut Gen. Life Ins. Co. (C.C.A. 8th) 12 F. 2d 416, as follows:

" 'The contract provision expressly excluding the assumption of the risk of suicide for two years is entirely distinct from the incontestable clause, is consistent with it, and the one in no way contradicts the other. There is a distinction between facts which would warrant a rescission of the contract and a risk not covered by the contract. The incontestable clause relates to the former. The suicide clause relates to the latter. Hearin v. Standard L. Ins. Co. (D.C.) 8 F. 2d 202. A contest made within two years is not to be confused with a defense of death by suicide committed within two years. . . . The contest by suit or answer must be instituted within two years from the issuance of the policy. Missouri State L. Ins. Co. v. Cranford, 161 Ark. 602, 31 A.L.R. 93, 257 S. W. 66. But in the suicide clause the two-year period is a period of exclusion of risk on account of suicide. That clause does not undertake to limit the time within which the defense of suicide may be made, nor does the statute of Illinois, above quoted, undertake to do so.' "

Although there is respectable judicial opinion contrary to the views expressed in the above-cited cases, we are of the opinion that said cases represent the more logical view and are in harmony with the viewpoint we have expressed in the case of Reed v. Home State Life Ins. Co., supra.

Accordingly, we hold that the trial court erred in sustaining a demurrer to defendant's answer.

The judgment is reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed.

CORN, V. C. J., and RILEY, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. WELCH, C. J., absent. DAVISON, J., concurs in conclusion.