Fannye L. BAUM, Plaintiff in Error,

v.

MASSACHUSETTS MUTUAL LIFE IN-SURANCE COMPANY, Defendant in Error.

No. 38696.

Supreme Court of Oklahoma.

Oct. 25, 1960.

Rehearing Denied Dec. 20, 1960.

Ungerman, Grabel, Ungerman, Leiter & Unruh, Imogene H. Harris, Tulsa, for plaintiff in error.

Gable, Gotwals & Hays and G. Douglas Fox, Tulsa, for defendant in error.

BERRY, Justice.

On December 1, 1955, defendant in error, Massachusetts Mutual Life Insurance Company, hereafter referred to as "insurer", issued a group life insurance policy to Production Manufacturing Co., hereafter referred to as "employer". On said date insurer also issued to Robert M. Baum, hereafter referred to as "deceased", as an employee of employer an instrument that the parties refer to as a certificate. It was provided in substance in the certificate so issued that same was subject to the terms

and conditions of the above-referred-to policy; that the certificate was effective as of December 1, 1955; that plaintiff in error, Fannye L. Baum, hereafter referred to as "plaintiff", was the beneficiary. Plaintiff was insured's wife.

Deceased died December 8, 1958. Following his death, plaintiff demanded of insurer payment of insurance in the amount of $5,000 which she asserted was owing under the terms of the policy and certificate. Insurer declined to pay and returned to employer insurance premiums paid in behalf of insured from date of certificate to date of his death. This action resulted.

█ It is not disputed that employer considered that deceased was its employee within the terms of the policy and that the premiums paid by employer in behalf of deceased were sufficient to entitle plaintiff to recover $5,000 if deceased was in fact covered by the policy. As an alternative defense, insurer pleaded that assuming deceased was an employee, his compensation and the premiums measured thereby would in any event fix maximum recovery at $2,000. In view of the fact that the trial court found for insurer on the basic issue that deceased was not an employee of employer and was therefore not within the coverage provided by the policy, this issue is not before us.

The pleadings, facts and judgment of the lower court show that the issues presented by this appeal are these: First, is insurer precluded by the incontestable provisions of 36 O.S.1951 § 232, sub-paragraph (2) (the substance of said sub-paragraph was made a part of the policy), from defending on the grounds that deceased was not in fact an employee of employer and was hence not covered by the policy? Second, is insurer estopped from urging the defense that deceased was not an employee? We will discuss these issues in the order mentioned.

The pertinent provisions of the policy read as follows:

"Section 1—Eligibility of Employees

"1. The following classes of em-

ployees are eligible for insurance under this policy:

"(a) Employees who are actively at work on the effective date of this policy.

"4. The following classes of employees are excluded from insurance under this policy:

"Part-time employees.

"Section XXI—In Contestability.

"Except for non-payment of premiums by the Employer, this policy shall be incontestable after it has been in force for two years from its date of issue. No statement made by any employee insured under the policy relating to his insurability shall be used in contesting the validity of the insurance with respect to which such statement was made after such insurance has been in force prior to the contest for a period of two years during such employee's lifetime nor unless it is contained in a written instrument signed by him."

The facts bearing upon the matter of whether deceased was an employee are these: Deceased was a tax accountant. His place of business was wholly disconnected from employer's place of business. He did, however, on occasions do work at employer's office. Deceased had several employees and his clients were some thirty in number. He apparently did all of employer's tax work and was available at all times to do any tax work requested by employer and often consulted with employer's president. He did not spend as much as half of his time working for employer.

█ While plaintiff does not concede that the evidence shows that deceased was not an employee, she does, primarily, base her right to recover herein on the incontestable provision of Sec. 232, supra, as well as the proposition that insurer is estopped to assert that deceased was not in fact an employee.

The parties agree that there is a sharp division of authority on the basic issue of whether the provisions of Sec. 232, supra,

are applicable under the facts of this case, and also agree that this is the first case which presents directly such issue to the Court.

In support of its contention on said issue, insurer cites as being directly in point Metropolitan Life Ins. Co. v. Conway, 252 N.Y. 449, 169 N.E. 642; Fisher v. United States Life Ins. Co. in New York City, 4 Cir., 249 F.2d 879; Carp v. California-Western States Life Ins. Co., 5 Cir., 252 F.2d 337; Elsey v. Prudential Ins. Co. of America, 10 Cir., 262 F.2d 432; Washington National Ins. Co. v. Burch, 5 Cir., 270 F.2d 300; and Rasmussen v. Equitable Life Assurance Soc., 293 Mich. 482, 292 N.W. 377. In her reply brief, plaintiff asserts in substance that the cited cases can be distinguished from the instant case either on the facts or the issues presented. While the cases may not be squarely in point, we are of the opinion that generally speaking, the cases tend to sustain insurer's contention. Insurer also cites Reed v. Home State Life Ins. Co., 186 Okl. 226, 97 P.2d 53; Bankers Life Co. of Des Moines, Iowa v. Horton, 189 Okl. 591, 118 P.2d 402; and Prudential Ins. Co. of America v. Elias, 188 Okl. 420, 109 P.2d 815 as tending to sustain its basic contention.

In support of her primary contention, plaintiff cites as being directly in point John Hancock Mut. Life Ins. Co. of Boston, Mass. v. Dorman, 9 Cir., 108 F.2d 220; Equitable Life Assurance Soc. v. Florence, 47 Ga.App. 711, 171 S.E. 317; Allison v. Aetna Life Ins. Co., La., 158 So. 389, and Eagon v. Union Labor Life Ins. Co., 3 N.Y.2d 785, 164 N.Y.S.2d 37, 143 N.E.2d 793. In its brief insurer asserts in substance that each of the cited cases tend to sustain plaintiff's contention. Plaintiff also cites a number of cases from this jurisdiction which she asserts tend to sustain her contention.

In view of the purpose of Sec. 232, supra, we are of the opinion that under the facts of this case insurer is precluded from defending on the grounds that deceased was not in fact an employee of employer and for said reason no contract of insurance ever existed.

■ The record shows that deceased was at all times available to do any tax work that employer requested him to do and that he regularly did tax work for employer. While the evidence may fail to show that deceased was, in a technical sense, an employee of employer and as such a member of the class to whom insurance was offered under the group policy, it is apparent that justification existed for the laymen who represented employer concluding that deceased was an employee of employer and as such within the coverage of the group policy. In speaking of the purpose of the incontestable clause of an insurance policy, it was pointed out in Metropolitan Life Ins. Co. v. Peeler, 122 Okl. 135, 176 P. 939, 940, 6 A.L.R. 441, that "the meaning of the provision is that, if the premiums are paid, the liability shall be absolute under the policy, and that no question shall be made of its original validity. The language admits of no reasonable construction other than that the company reserves to itself the right to ascertain all the matter and facts material to its risk and the validity of its contract for one year; and that if within that time it does not ascertain all the facts, and does not cancel and rescind the contract, it may not do so afterwards upon any ground then in existence." (Citing cases.)

In Missouri State Life Ins. Co. v. Cranford, 161 Ark. 602, 257 S.W. 66, 67, 31 A.L.R. 93, it was stated that incontestable clauses "are evidently inserted in insurance policies by the insurer for the mutual advantage of both the insurer and the insured. It has been well said that such a provision is reasonable and proper because it gives the insured a guaranty against expensive litigation to defeat his policy after the lapse of the time specified, and at the same time gives the company a reasonable time and opportunity to ascertain whether the contract should remain in force." As pointed out in 45 C.J.S. Insurance § 747, p. 758, an incontestable clause has been held to be in the nature of a statute of limitations.

On the issue under consideration, this was said in Equitable Life Assurance Society v. Florence, 171 S.E. 317, 320, supra:

"* * * In the present case the insured in his application represented himself to be the employee of the Standard Oil Company in a named capacity. After the lapse of the stipulated time and after the death of the insured, the company attempts to say that there never was a contract, because there was never a meeting of minds, for the representations made were untrue. We cannot agree to this position. It appears that the insured in good faith, * * * made application to be insured as an employee * * *. If the incontestable clause applies in cases of actual fraud, it applies all the more in a case of the present kind. * * * The incontestable clause estops the insurer from denying that the insured was an employee at the time of the issuance of the policy. * * *"

To our way of thinking, the line of reasoning advanced in the last above cited case is cogent and convincing and is particularly applicable to the facts presented by the instant case.

We are of the further opinion that there is merit in plaintiff's contention which is based upon estoppel.

■ In the instant case, employer procured the group policy, accepted applications for insurance thereunder, determined whether an applicant was eligible for insurance and paid the premiums owing under the policy. In performing these functions employer acted as the agent of insurer, and since it so acted, insurer is charged with knowledge possessed by employer while so acting. This was said in the first paragraph of the syllabus to Newsom v. Watson et al., 198 Okl. 220, 177 P.2d 109:

"The knowledge of an agent is imputable to the principal in connection with any transaction conducted by or participated in by the agent in behalf of the principal."

Our conclusion in the foregoing particulars accords with the views expressed in Voris v. Aetna Life Ins. Co. of Hartford, Conn., D.C.N.D.Okl., 26 F.Supp. 722; John Hancock Mutual Life Ins. Co. v. Dorman and Equitable Life Assurance Society v. Florence, supra.

■ Insurer earnestly contends that under the provisions of 36 O.S.Supp. 1955, § 231, deceased was not eligible for inclusion under a group policy because he was not a member of a group subject to being insured under such a policy and that the doctrine of estoppel will not be applied in order to in effect grant insurance to a person who by force of statute is not entitled thereto.

The insurer contended in Fidelity & Deposit Co. of Maryland v. Friedlander, 6 Cir., 101 F.2d 106, that insured's loss from robbery of his jewelry store was not covered by an insurance policy which provided in part that such losses were only covered if a custodian of the store and an employee thereof were present at the time of the robbery. When the robbery occurred, a custodian of the store and a person who did janitorial work in the store were present. The janitor was the employee of a person who had contracted to cause janitorial work to be performed throughout the building in which the store was located. In concluding that the janitor was an employee of the insured within the purview of the policy, the court stated that the term "employee" has different shades of meaning and may mean anyone who renders services to another. See also Rybasack v. Prudential Ins. Co. of America, 15 N.J.Misc. 146, 189 A. 378.

In view of the fact that the word "employee" is not defined in the cited statute, and in view of the further fact that employer's classification of deceased as an employee was not wholly without justification nor contrary to reason, we decline to hold that plaintiff is precluded by Sec. 231, supra, from asserting estoppel as a basis of insurer's liability.

■ Insurer also urges that the doctrine of estoppel will not be applied where application will bring about a windfall. We are

unable to agree with this line of reasoning. To our way of thinking, plaintiff, under the facts of this case, is placed in the same relative position as the beneficiary of an insured who admittedly was an employee of employer.

Reversed and remanded for further proceedings consistent with the views herein expressed.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD, JACKSON and IRWIN, JJ., concur.