Homer H. HULME and Chickasha Transit
Mixed Concrete, Inc., Appellees,

v.

SPRINGFIELD LIFE INSURANCE
COMPANY, INC., Appellant.

No. 49623.

Supreme Court of Oklahoma.

May 31, 1977.

Robert L. Huckaby, Vaughn, Allen, Stack & Huckaby, Chickasha, for appellees.

C. D. Van Dyck, Jr., Michael A. Emmons, Van Dyck & Hays, Chickasha, for appellant.

LAVENDER, Vice Chief Justice.

Richard L. Kamm (Kamm) died January 6, 1974. He was shown as insured person by certificate issued by Springfield Life Insurance Company (insurer). That insurer is the appellant and was defendant below. That company was the insurer under a group life insurance contract issued to Chickasha Transit Mixed Concrete, Inc., one of the appellees and plaintiffs below. That party to the insurance contract was called the policyholder. Homer H. Hulme, (Hulme), the named beneficiary, joined by the policyholder, brought suit to recover under the policy on Kamm's death. Hulme was the president, principal stockholder and manager of the policyholder. Parties plaintiff and defendant filed motions for summary judgment. Trial court granted summary judgment to the beneficiary, Hulme. Insurer appeals.

These facts were before the trial court without conflict. Kamm had no legal relationship with the policyholder. He was not an employee or partner. He managed a similar concrete mix company at another city, El Reno. Hulme did have an interest with Kamm in that El Reno business. There was a close business association between the two men whereby the two businesses accommodated each other through the exchange of information, trucks, equipment, and men. They worked together from time to time. Neither drew a salary from the other. The group life insurance written by the insurer was secured through Blaire L. Nelson, an insurance agent. He represented several insurance companies, including this insurer, as its local agent. Nelson knew the details of the association between Hulme and Kamm. Insurer had no actual knowledge of these facts. Nelson was of the opinion that Kamm qualified as an insured person under the group policy. Kamm was included in the original enrollment under the group policy. Kamm was included in the original enrollment as an insured person and a certificate of insurance was issued to him. The policy was effective December 19, 1969. Premiums were paid by the policyholder. The premiums were properly paid on Kamm until his death some four years later. Insurer tendered back all premiums paid on Kamm.

The incontestable clause of the master contract reads:

"Section 14.—Incontestability

This contract shall be incontestable after two years from the date of issue, except for nonpayment of premiums. No statement made by a person insured un-

der this contract relating to the insurability of himself or his insured dependents, if any, shall be used in contesting the validity of the insurance with respect to which such statement was made after the insurance has been in force prior to the contest for a period of two years during said person's or dependent's lifetime and in no event unless it is in a written instrument signed by him, a copy of which is or has been furnished to such person or to his beneficiary."

Insurer argues Kamm was not covered by the group policy for he was not an employee or partner of the policyholder, Chickasha Transit Mixed Concrete, Inc.; and that defense was not precluded by the incontestable clause. Insurer also contends there was no insurable interest in Kamm's life.

Appellee Hulme argues the incontestable clause does preclude the issue as to whether Kamm qualified for coverage. He also contends imputed knowledge through the insurance agent to establish an estoppel or waiver against the insurer as to Kamm's qualification for coverage.

▮ We reach, first, the issue of precluding the defense, that the deceased was not in fact an employee, by the operation of the incontestable clause. Insurer says there was no contract of insurance on the life of Kamm for Kamm did not qualify as a member of the eligible group. An attack on validity is admitted to be precluded by the incontestable clause. It is argued that this is not an attack on the original validity of the contract. This court has rejected that position in *Baum v. Massachusetts Mutual Life Insurance Co.*, Okl., 357 P.2d 960, 964 (1960). That opinion approved the line of reasoning advanced in the quoted case of *Equitable Life Assurance Society v. Florence*, 47 Ga.App. 711, 171 S.E. 317.[1] This

Georgia opinion finds the incontestable clause estops the insurer from denying that the insured was an employee at the time of the issuance of the policy. In *Baum, supra,* the deceased regularly did tax work for employer but the evidence failed to show he was, in a technical sense, an employee and as such a member of the class covered under the group policy. On the purpose of the incontestable clause, the opinion quotes from *Metropolitan Life Ins. Co. v. Peeler,* 122 Okl. 135, 176 P. 939, 940, 6 A.L.R. 441 (1918), saying:

" * * * 'The meaning of the provision is that, if the premiums are paid, the liability shall be absolute under the policy, and that *no question shall be made of its original validity.* The language admits of no reasonable construction other than that *the company reserves to itself the right to ascertain all the* matter and *facts material to its risk and the validity of its contract* for one (present case, two) year; and that *if within that time it does not ascertain all the facts, and does not cancel and rescind the contract, it may not do so afterwards upon any ground then in existence.'* (Citing cases.)" (Explanation and emphasis added.)

Here, whether Kamm qualified as a member of the eligible group goes to the question of original validity. Under the incontestable clause, the insurer reserved the right to ascertain all facts material to the validity of its contract, including the eligibility of Kamm to enroll as a member of the covered group. If within that two year time period, the insurer did not ascertain all the facts, and did not cancel or rescind the contract, it may not do so afterwards upon grounds then in existence.

The insurer would distinguish present case from *Baum, supra,* on (1) bad faith

---

1. " * * * In the present case the insured in his application represented himself to be the employee of the Standard Oil Company in a named capacity. After the lapse of the stipulated time and after the death of the insured, the company attempts to say that there never was a contract, because there was never a meeting of minds, for the representations made were untrue. We cannot agree to this position.

It appears that the insured in good faith, * * * made application to be insured as an employee * * *. If the incontestable clause applies in cases of actual fraud, it applies all the more in a case of the present kind. * * * The incontestable clause estops the insurer from denying that the insured was an employee at the time of the issuance of the policy. * * *."

misrepresentation of Kamm being an employee and (2) operation of 36 O.S.1971, § 4015 not considered in Baum.

■ According to the affidavit of Nelson, the insurance agent, he was aware of Kamm's relations with the policyholder and believed there was justification to include Kamm as a member of the group to whom insurance was offered. *Baum, supra,* 176 P. p. 963. We find no bad faith in the inclusion of Kamm in the group that would prevent the application of *Baum, supra,* to this case.

■ Insurer's brief points to inaccuracies found in Kamm's enrollment card. That enrollment card is not a part of the record on appeal, here. The affidavit of Stockwell, vice president of insurer, says the insurer relied on representations made by Kamm on the enrollment card. Terms of the particular incontestable clause found here in § 14 of the contract precludes the use of the insured person's statement after the two year period had run.

36 O.S.1971, § 4015 provides:

"A clause in any policy of life insurance providing that such policy shall be incontestable after a specified period shall preclude only a contest of the validity of the policy, and shall not preclude the assertion at any time of defenses based upon provisions in the policy which exclude or restrict coverage, whether or not such restrictions or exclusions are excepted in such clause; nor shall it be construed to preclude adjustment at any time of the amount payable or benefits accruing un-

der the policy for misstatement of age, whether or not such age adjustment provision is excepted in such clause."

We have heretofore found the present case to be a contest of the validity of the policy. Further language of the section does not allow the incontestable clause to preclude a defense based on policy provisions which exclude or restrict coverage. Those restrictions or exclusions need not be excepted in the incontestable clause.

Insurer contends Section 1 of the master contract is a policy provision excluding or restricting coverage, and a defense based thereunder is excluded from the incontestable clause. That section of the contract defines an "insured person" as an employee of the policyholder and sets up conditions one must meet to be an employee, i. e. be a partner; policyholder treats one as employee by withholding income tax, covering him with workmen's compensation insurance and unemployment compensation insurance; and work at least thirty hours per week at a fixed salary.[2] We do not agree with this position of the insurer.

■ Section 1 of the master contract relates to original coverage provided in the group policy. It does not include an exclusion or restriction to that original coverage so offered. Defenses, excluded from the operation of the incontestable clause under § 4015 and based on policy provisions of exclusion or restriction, are limited to exclusions from or restrictions on the coverage after it is originally provided and set forth. Here that type of policy provision is

---

2. "Section 1.—Definition of 'Person,' 'Insured Person' and 'Person Insured'

"If the Policyholder is an employer and if this contract is issued for the purpose of insuring certain employees of the Policyholder, then wherever used in this contract the word 'person' shall mean an employee of the Policyholder, but only the following shall be considered to be bona fide employees of the Policyholder:
  (1) a proprietor or a partner, and
  (2) any other person who works for the Policyholder, provided the Policyholder pays taxes with respect to such person under the Federal Insurance Contributions Act for Federal Old Age, Survivors and Disability Insurance (i. e., Social Security), and otherwise treats such person the same as his other

employees for the purpose of meeting all other legal obligations that the Policyholder has to his employees, such as those relating to Workmen's Compensation Insurance, Unemployment Compensation Insurance and Federal Income Tax Withholding,
*provided, that such proprietor, partner or other person*
  (a) works at least thirty hours per week at the Policyholder's place of business or at other places where he is required to go in the course of transacting business on behalf of the Policyholder and
  (b) is compensated for such work on a fixed salary or commission basis. * * * "

found in Section 2 of the master contract. There the class of persons covered is shown to be "All full-time Employees of the Policyholder," with the following classes excluded from coverage shown as "None." [3]

The incontestable clause found in the master contract, here, precludes a defense that Kamm was not an employee. That defense is not excluded from the incontestable clause by operation of § 4015.

 Reversal is sought by insurer for no insurable interest in the life of Kamm. In developing this position, insurer's brief stresses that, under § 4101(A) of the insurance code, an employer cannot be the beneficiary in a group policy insuring employees of the employer. Here Hulme, an individual, is the beneficiary. Chickasha Transit Mixed Concrete, Inc., a corporation, is the employer or policyholder. Hulme is the president and principal stockholder of the corporation. The individual and corporation are two distinct legal entities that are separate and apart. That distinction should not be ignored unless there is a design or scheme to perpetrate a fraud. *Gulf Oil Corporation v. State*, Okl., 360 P.2d 933 (1961). No fraud is contended by the insurer on this point. Section 4101, supra, does not prohibit Hulme, as a separate legal entity different than the corporate employer, from being the beneficiary.

 One may procure or cause to be procured an insurance contract upon the life of another individual if the benefits of the insurance contract are payable to one having, at the time of the contract, an insurable interest in the individual insured. 36 O.S.1971, § 3604(A). An "Insurable interest" in another person is a lawful and substantial economic interest in the life of the insured being continued, as distinguished from an interest arising only by or being enhanced in value by the death of the

insured. § 3604 C(2). Here, the corporate policyholder caused to be procured insurance on the life of Kamm for the benefit of Hulme, the individual. Hulme, through his interest with Kamm in the El Reno business, had an economic interest in Kamm's life as distinguished from an interest arising only by Kamm's death. There was an "insurable interest." We do not agree with the insurer's position on this issue.

 Insurer argues trial court committed error in his opinion letter. There he found an insurable interest by reason of Hulme and Kamm being partners in the El Reno business, and so covered as a partner in the master contract with the policyholder, the other business. Trial court's judgment was in granting summary judgment to plaintiff beneficiary as evidenced by the formal journal entry of judgment. His letter opinion as to why he so held would not be binding on this court on appeal. His opinion, even if incorrect, would not destroy the insurable interest found to be present by this opinion. If an error occurred in that opinion letter, we find it to be harmless and that it does not require a reversal of the trial court's judgment.

We do not reach the issue of estoppel or waiver as against the insurer through the imputed knowledge of Nelson, the local insurance agent. The defense, that Kamm was not an employee and not eligible for membership in the group covered, is precluded by the views expressed in this opinion as to the operations of the incontestable clause.

Affirmed.

ALL OF THE JUSTICES CONCUR.

---

**3.** "Section 2.—Classes of Persons Covered Under or Excluded From This Contract

Subject to the eligibility requirements applicable to individual persons set forth in Section 3 of these General Provisions, the following class or classes of persons shall be covered under this contract:

All full-time Employees of the Policyholder
The following classes of persons are excluded from coverage under this contract:
None."