OSCN Found Document:WEGMILLER v. UNITED METHODIST HOME OF ENID

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 WEGMILLER v. UNITED METHODIST HOME OF ENID
2023 OK CIV APP 35
Case Number: 120553
Decided: 09/30/2022
Mandate Issued: 10/12/2023
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III

Cite as: 2023 OK CIV APP 35, __ P.3d __

 

SAMANTHA L. WEGMILLER, Personal Representative of the Estate of Scott A. Wegmiller, Deceased, Plaintiff/Appellee,
v.
UNITED METHODIST HOME OF ENID, INC. and UNITED METHODIST CONTINUUM OF CARE COMMUNITY OF ENID, INC. d/b/a THE COMMONS, Defendants/Appellants.

APPEAL FROM THE DISTRICT COURT OF
GARFIELD COUNTY, OKLAHOMA

HONORABLE PAUL K. WOODWARD, TRIAL JUDGE

AFFIRMED

Rex Travis, TRAVIS LAW OFFICE, Oklahoma City, Oklahoma, and
Jon R. Ford, Enid, Oklahoma, for Defendants/Appellants,

Ronald L. Brown, BURNETT & BROWN, Oklahoma City, Oklahoma, for Plaintiff/Appellee.

BARBARA G. SWINTON, JUDGE:

¶1 Defendants/Appellants United Methodist Home of Enid, Inc., and United Methodist Continuum of Care Community of Enid d/b/a The Commons appeal from an order granting partial summary judgment in favor of Plaintiff/Appellee Samantha Wegmilller, individually and as personal representative of the Estate of Scott A. Wegmiller, deceased and denying Defendants' motion for summary judgment. We affirm.

¶2 Scott A. Wegmiller worked for the United Methodist Home of Enid, Inc. (UMHE) since 1988. The organization expanded into a multi-service retirement community collectively known as the Commons. Mr. Wegmiller was named as the executive director of the The Commons in 2005, and he served in that capacity until his retirement on June 30, 2017. After he was named executive director, Defendants purchased a life insurance policy on Wegmiller (the Policy) effective November 1, 2005, naming UMHE as the owner and designated beneficiary. Mr. Wegmiller retired from UMHE on June 30, 2017. Defendants did not offer to sell, transfer, or assign the Policy to Mr. Wegmiller upon his retirement, or at any time thereafter. Mr. Wegmiller died on September 9, 2018 and Plaintiff was appointed Personal Representative of his estate.

¶3 On November 25, 2018, Defendants filed a claim for the death benefits payable under the Policy. Defendants received the benefits payable under the Policy, in the amount of $250,927.07, on December 17, 2018. According to Plaintiff, no one acting on behalf of Defendants ever offered the family or estate of Mr. Wegmiller any part of the death benefits.

¶4 Plaintiff filed the instant suit against Defendants in March 2021, claiming breach of contract, bad faith breach of employment contract, breach of statutory duty, and unjust enrichment, all stemming from the Policy. Plaintiff moved for partial summary judgment on the breach of statutory duty, and Defendants filed a counter-motion for summary judgment. Regarding the statutory duty, Plaintiff argued that Defendants had a duty to offer to sell, transfer, or assign the Policy to Mr. Wegmiller upon his retirement pursuant to 36 O.S. § 3604. Defendants argued that there was no duty to offer to sell, transfer, or assign the Policy under 36 O.S. § 3604 (D) because UMHE is a "charitable, benevolent, educational or religious institution" and was entitled to the Policy's benefits.

¶5 The court issued an order on August 4, 2021, granting Plaintiff's partial motion for summary judgment and denying Defendants' motion in full. Plaintiff then dismissed the remainder of her claims, causing the matter to become ripe for appeal. Defendants appeal from the August 4, 2021 order.

¶6 This appeal is governed by the procedure set forth in Okla. Sup. Ct. R. 1.36, without appellate briefing. The appellate standard of review for a trial court's grant of summary judgment is de novo. Barker v. State Insurance Fund, 2001 OK 94, ¶ 7, 40 P.3d 463. "In a de novo review, we have plenary, independent and non-deferential authority to determine whether the trial court erred in its application of the law and whether there is any genuine issue of material fact." Id. "Like the trial court, we examine the pleadings and summary judgment evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact." Id.

¶7 Summary judgment proceedings are governed by Rule 13, Rules for District Courts, 12 O.S. Ch. 2, App. 1. Summary judgment is appropriate where the record establishes no substantial controversy of material fact and the prevailing party is entitled to judgment as a matter of law. Brown v. Alliance Real Estate Group, 1999 OK 7, 976 P.2d 1043, 1045.

¶8 On appeal, Defendants argue that they were exempt from the requirement of 36 O.S. § 3604 to offer to sell, transfer, or assign the Policy to Mr. Wegmiller because they are a charitable, benevolent religious organization; that the trial court erred in granting judgment for Plaintiff for the full amount of the Policy without reducing the amount by the cash surrender value; that the trial court erred in holding that the statute of frauds did not protect Defendants from liability; and that the trial court erred in ruling that Defendant was required to have an insurable interest in Mr. Wegmiller's life greater than it did for the purchase of the "key man" policy. In response, Plaintiff argues that upon Mr. Wegmiller's retirement, Defendants' insurable interest in his life terminated; that Defendants breached their statutory duty under 36 O.S. § 3604 in failing to offer to sell, transfer, or assign the policy to Mr. Wegmiller upon his retirement; that the employee protections of 36 O.S. § 3604 (A) and (B) are not stripped away from employees of charitable entities under § 3604 (D); and that the statute of frauds does not apply when a party has fully performed. Following the district court's order of partial summary judgment in favor of Plaintiff on the breach of statutory duty, she dismissed her remaining claims. Accordingly, our opinion only addresses the issues raised relative to the statutory duty claim, as the others are now moot (including those related to breach of contract and the statute of frauds).

¶9 Plaintiff's motion for partial summary judgment asserts that Defendants breached their statutory duty under 36 O.S. § 3604. Under this section, a life insurance policy upon an individual may be procured by an employer as the employer has an "insurable interest" in the life of the employee, director, or retired employee. See 36 O.S. § 3604 (C) (5) (a). An "insurable interest" in another is "a lawful and substantial economic interest in the life of the insured being continued, as distinguished from an interest arising only by or being enhanced in value by the death of the insured." Hulme v. Springfield Life Ins. Co., 1977 OK 108, ¶ 16, 565 P.2d 666; see also, 36 O.S. § 3604 (C). This section requires the consent of the employee prior to purchase of the policy, even where the employer claims an insurable interest based on a substantial economic interest as set forth in subsection (C) (2). Furthermore, Oklahoma law requires the employer to obtain consent of a retired employee where the employer seeks to continue owning a policy of this type. See 36 O.S. § 3604 (C) (5) (a). The employer must offer to sell, transfer, or assign a policy of this type to the insured employee in exchange for the cash surrender value of the policy upon the termination of the insurable interest. 36 O.S. § 3604 (A) (2).

¶10 There is no dispute that that Mr. Wegmiller consented to the initial purchase of the Policy. Further, Plaintiff does not dispute that Defendants had an insurable interest in the life of Mr. Wegmiller as a key management employee at the time of the purchase of the Policy. However, the insurable interest terminated upon his retirement because he was no longer a "key employee," and he did not consent to Defendants continuing to own the Policy or otherwise insuring his life upon retirement in a particular amount pursuant to subsection (C) (5) (a).[1] Although this statute permits an insurable interest in retired employees, it is provided for separately; pursuant to subsection (C) (5) (d), the insurable interest in a retired employee must be limited to an amount agreed to by the employee (or in the absence of the agreement, an amount of aggregate projected death benefits under an employee benefit welfare plan pursuant to 29 O.S. § 1002 (1)). Nothing within this statute suggests that an insurable interest of a key employee continues into retirement of that employee without further agreement or action. This is further clarified when considering the purpose of a key man policy, which is to ensure that the employer will be protected should something happen to its key employee. This policy concern is no longer present upon retirement. Upon the termination of their insurable interest, Defendants should have offered to sell, transfer, or assign the Policy to Mr. Wegmiller. They did not. The breach of statutory duty is clear.[2]

¶11 Defendants argue that they were exempt from this requirement as a charitable or benevolent organization under 36 O.S. § 3604 (D). While Defendants may be a religious organization, they were also the employer owning a policy on the life of an employee. The fact that they are also a religious organization does not relieve them of the other requirements of the statute. Defendants had an insurable interest in the life of Mr. Wegmiller as his employer. When he was no longer employed, the insurable interest terminated. Despite the fact that no insurable interest is required for organizations falling under subsection (D), the Policy procured was based upon Mr. Wegmiller's employer-employee relationship with Defendants, not as an individual whose life was to be insured for the benefit of a religious or benevolent organization. Allowing a religious or benevolent organization that is also an employer to rely on the exemptions found in subsection (D) without requiring the protections afforded by subsection (A) (2) would produce inequitable results and is not based in the law. Defendants' arguments concerning this exemption are simply not applicable.

¶12 Defendants were required to offer to sell, transfer, or assign the Policy to Mr. Wegmiller upon his retirement pursuant to 36 O.S. § 3604 (A) (2), and there is nothing in the summary judgment record to suggest that this happened. We find there is no dispute of facts as to this claim and that partial summary judgment was proper as a matter of law. However, we must further address the amount of the judgment entered by the trial court. Pursuant to 36 O.S. § 3604 (B), the insured individual, or administrator of that person's estate, may maintain an action to recover the benefits received by the beneficiary in violation of 36 O.S. § 3604. Plaintiff claimed that she was entitled to receive the full amount of benefits received by Defendants from the Policy, or $250,927.07, and the trial court agreed. Defendants argue that this amount should have been reduced to the amount of the cash surrender value of the Policy. The only authority provided by the parties on this issue is the language of the statute itself. Under subsection (B), the action authorized is to "recover such benefits from the person receiving them." This section is straightforward, and Defendants have not provided authority to the contrary (nor did they respond to Plaintiff's argument based upon this subsection below). We see no reversible error and must affirm the trial court's order in full.

¶13 AFFIRMED.

MITCHELL, V.C.J., and PRINCE, P.J., concur.

FOOTNOTES

[1] Defendants argue that Mr. Wegmiller consented to Defendants' continuation of ownership of the Policy when he inquired as to whether premiums had been paid. However, 36 O.S. § 3604 (C) (5) requires written consent. The inquiry does not satisfy this requirement.

[2] We note the use of the word "shall" in this subsection, mandating compliance.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2001 OK 94, 40 P.3d 463, 72 OBJ 3283, 
BARKER v. STATE INS. FUND
Discussed

 
1977 OK 108, 565 P.2d 666, 
HULME v. SPRINGFIELD LIFE INS. CO.
Discussed

 
1999 OK 7, 976 P.2d 1043, 70 OBJ 530, 
Brown v. Alliance Real Estate Group
Discussed

Title 29. Game and Fish

 
Cite
Name
Level

 
29 O.S. 1002, 
Repealed
Cited

Title 36. Insurance

 
Cite
Name
Level

 
36 O.S. 3604, 
Insurable Interest With Respect to Personal Insurance
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA